# CHARLESTON.

## WILLIAMS v. SMITH et al.

Submitted March 16, 1915.   Decided May 25, 1915.

1. PUBLIC LANDS—*Conflicting Grants—Burden of Proof—Instructions.*

    Where, in ejectment, plaintiff claims under a junior, and defendants under a senior inclusive, patent, the former, to recover, must show location of his land within some of the excepted areas; and an instruction imposing on defendants the burden to locate all the exceptions in the senior grant and to show that they do not embrace the land in controversy, is erroneous.   (p. 288).

2. TRIAL—*Instructions—Burden of Proof—Waiver.*

    Nor do defendants, by assuming and attempting to sustain in the trial court such burden of proof, waive their right to object to the giving of the erroneous instruction or to assign it as error in the appellate court.   (p. 288).

3. ADVERSE POSSESSION—*Extent of Possession—Conflicting Patents—Exceptions from Senior Patent.*

    While plaintiff, under deed for 174 acres wholly within the junior, but interlocking to the extent of 25 acres with the senior, patent, is entitled to recover the interlock if it falls within the exceptions in the older grant and he has been in actual possession for ten years of any portion of the 174 acres; yet, if the area in controversy is not covered by any of the exceptions, he can not recover it without showing actual and adverse possession for the requisite period of some part of the interlock.   (p. 289).

Error to Circuit Court, Raleigh County.

Ejectment by W. L. Williams against George H. Smith and others.   Judgment for plaintiff, and defendants bring error.

*Reversed and new trial awarded.*

*McGinnis & Hatcher,* and *Price, Smith, Spilman & Clay,* for plaintiffs in error.

*Farley & Ward,* for defendant in error.

LYNCH, JUDGE:

Defendants complain of a judgment against them, in an action of ejectment for recovery of 174 acres of land.   They rely for reversal on alleged insufficiency of the evidence to

sustain the verdict, and the giving of certain instructions for plaintiff.

Upon the second assignment, the case is clearly controlled, in its disposition here, by *Cook* v. *Lumber Co.*, 82 S. E. 327. There and here were involved in part the same titles and questions. Defendants in this action claimed title by deed under the inclusive Moore and Beckley patent of 1795 for 170,038 acres, which contained one general and numerous specific exceptions; plaintiff, under a junior grant of 1847 to W. H. French for 500 acres lying wholly within the exterior bounds of the older patent. A disclaimer limited the controversy to 25.9 acres, which, as the evidence tends strongly to show, forms an interlock with defendants' boundaries. Much evidence, in part materially conflicting, was taken for the purpose of locating the 174 acres, the chief object of each party being to show such location with reference to two exceptions in the senior grant, denominated as the Banks and the Yancey exceptions. At the conclusion of the evidence, and over objection by defendants, the court, by instruction number 3, charged the jury that by proof of title under the French patent plaintiff had made a prima facie case for recovery, unless defendants had shown a valid and superior title, to do which the burden was upon them to locate all the exclusions in the Moore and Beckley patent and to show by preponderance of the evidence that the exceptions mentioned did not embrace the land in controversy; and, by instruction number 4, that the jury should award a recovery, if plaintiff had shown adverse possession for ten years of any portion of the interlock, unless defendants, among other things, had proved by a preponderance of evidence that the interlock in controversy was not covered by such exceptions. By the case cited, these instructions were erroneous. Under the law, as so established, the burden was upon plaintiff to locate the exceptions and to show that the land claimed by him was within one or more of them.

Nor did defendants, as claimed, waive their right, upon writ of error, to complain of the ruling of the trial court, because they assumed, and offered much evidence to sustain, the burden imposed by the instructions. The argument made, applicable only to objections first made in the appellate court,

does not apply. The question is not raised here for the first time. Defendants objected and excepted to the giving of the erroneous instructions, raised the same question by motion for a new trial, and later assigned the ruling as ground for writ of error. It can not seriously be contended that, because defendants undertook during the course of the trial to do more than the law required of them in the way of proof, they thereby waived their right to have the jury properly instructed, or to have it adhere to the established rules of evidence in the determination of the issues in the case. Furthermore, there were two trials of the action prior to the one now under review. It is not unreasonable to assume that the trial court consistently followed and applied in the former trials the rule as to burden of proof announced in the instructions under consideration, and that, therefore, defendants did not upon the last trial voluntarily assume the task of locating the exceptions but performed it in obedience to the view announced in prior rulings of the court.

But plaintiff, practically conceding the superiority of defendants' paper title to the interlock, and as justifying these instructions, invokes as a correct principle of law the proposition, but as we preceive it not applicable to the issues involved, that a showing of adverse possession by him of the 174 acres outside of but not within the interlock would shift from him to defendants the burden of proof as to the exceptions. But instruction number 3 entirely omits the theory of adverse possession. It would authorize a finding for plaintiff by virtue alone of his deed under the junior grant, unless defendants had supported their conveyance under the senior patent by locating the exceptions therein and showing that the land in controversy was not within any of them. Manifestly, the evidence of possession by plaintiff elsewhere than within the interlock could not authorize or cure the giving of this instruction. And instruction number 4 confuses the matter of burden of proof with the question of adverse possession. The instruction is obscure, and in part misleading. If it was intended to inform the jury that upon defendants rested the burden of proving that the interlock was not covered by the two exceptions, it is amenable to the same criticism as number 3. If susceptible of that interpretation, as we

think it reasonably is, the clause virtually saying if the interlock is by the evidence shown to be within the two exceptions and plaintiff has been in actual and hostile possession for ten years of the "lands described in his deed and the deeds under which he claims" the jury should find for him, may have induced the jury to believe that upon defendants devolved the burden of proving the facts upon which the entire instruction was predicated.

Because upon a new trial a different state of facts may be made to appear, we are constrained to decline defendants' urgent demand for judgment in their favor upon the facts as they now appear. But, for the reasons given, we reverse the judgment, set aside the verdict, and remand the case for further proceedings therein.

*Reversed and new trial awarded.*