ATCHISON, T. & S. F. RY. CO. et al. v. CONSOLIDATED CUT STONE CO.*

No. 323.

Circuit Court of Appeals, Tenth Circuit.

Feb. 13, 1931.

Charles S. Burg, of St. Louis, Mo., and Maurice D. Green, of Muskogee, Okl. (C. C. Hine, of Chicago, Ill., on the brief), for appellants.

Karl Knox Gartner, of Washington, D. C., and W. A. Daugherty, of Tulsa, Okl. (Charles A. Steele and Thomas F. Shea, both of Tulsa, Okl., on the brief), for appellees.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

LEWIS, Circuit Judge.

This action was brought against appellants under section 16 of the Interstate Commerce Act (title 49, § 16, U. S. Code [49 USCA § 16]) to recover an award of damages to appellee caused by unreasonable charges on shipments of Indiana limestone from Bedford, Indiana, to Tulsa, Oklahoma. 113 I. C. C. 480. No objection is made to the proceedings of the Commission or its orders as constituting a basis for the action and prima facie establishing liability. Reparation was not made by the carriers within the time limited by the Commission's orders. Then appellee sued. Jury was waived, and on judgment against the carriers for the damages awarded they appealed. They argue that appellee, buyer and consignee of the shipments, was not injured, did not bear the freight charges, and cannot recover—liability being only to those who have suffered injury. Section 8 of said act (49 USCA § 8). They contend that the seller-consignor ultimately paid and bore the freight charges.

The stone was purchased on written orders in accordance with price lists sent out by the seller. The listed prices included freight charges to Tulsa. The trial court so found. By including them, there was an implication that the seller would advance the freight charges, else why bill the buyer, as was done, for a price that included the freight. But the price lists contained this provision: "Prices effective this date f. o. b. cars our mills with freight allowed to Tulsa, Okla." This and the procedure adopted dispelled the implication. Shipments were made on straight bills of lading. When they arrived at destination, the buyer-consignee paid the freight, including excess over rates found by the Commission as reasonable, and the delivering carrier issued receipts therefor. The buyer then sent the receipts to the seller, and was allowed the full amount of the freight charges as a credit on the invoice price of the stone which included the freight. The invoices were subject to a cash discount on the net amount after freight charges had been deducted. The seller made no claim to the award. On the facts stated, we agree with the Commission and the court below that the buyer paid and bore the charges found to be unreasonable.

The court below adjudged that appellee have and recover a reasonable attorney's fee to be taxed as costs and to be fixed by that court after the judgments herein became final. As in Mellon v. World Pub. Co. (C. C. A.) 20 F.(2d) 613, we leave the amounts for such services in this court as well as in the trial court to be fixed by that court.

Judgments affirmed.