### AUCOIN v. MYSTIC WASTE CO.
No. 2517.

District Court, D. Massachusetts.
June 15, 1944.

Vernon C. Stoneman, of Boston, Mass., for plaintiff.

Hudson & Hudson and Donald Stahl, all of Boston, Mass., for defendant.

WYZANSKI, District Judge.

1. The sole issue left in this case is what is a reasonable attorney's fee.

2. Plaintiff's complaint asserted that he was paid $1,842.02 less than the amount due under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. He asked for twice that amount plus a reasonable attorney's fee. By amendment he reduced the $1,842.02 to $1,574.46. And finally the court found that the amount of underpayment was neither $1,842.02 nor $1,574.-46, but $1,290.17. When this sum is doubled, plaintiff's recovery apart from the attorney's fee is $2,580.34.

3. The issues of law in this case were of the simplest possible type in a wage and hour litigation. The issues of fact were complicated, partly because neither party had any credible documentary evidence and partly because plaintiff had allowed so long a time to elapse before presenting any claim. The case gave counsel opportunity chiefly for careful preparation of the oral testimony of the witnesses, an opportunity which, to say the least, was not neglected.

4. Plaintiff's attorney has submitted a detailed schedule of time spent on this case. His schedule shows somewhat less than two full days in the trial of this case; attendance in court on two other relevant occasions, once for a pre-trial conference and once on a hearing to produce documents; and 43 additional hours of office work. The schedule also refers to certain time spent in connection with the fixing of the attorney's fee now under consideration; but I consider this irrelevant.

5. Plaintiff has an antecedent agreement with his attorney as to the amount he will pay as an attorney's fee. I do not know the details of this agreement but from statements made in court I assume that the amount is substantially in excess of $300. The Fair Labor Standards Act does not in terms prohibit an employee from paying or an employee's lawyer from charging more that a court awards as a reasonable attorney's fee. However, where the agreement between the employee and his counsel sets a figure higher than what the court considers a reasonable attorney's fee, the agreement is not relevant. Where the agreement sets a figure lower than what the court considers a reasonable attorney's fee, it may be that the employee cannot recover from the employer an attorney's fee in excess of the agreement between the employee and his counsel. The excess would not represent damages sustained by the employee and, therefore, it might not fall within the provisions of the act for a reasonable attorney's fee.

6. While defendant in general terms offered to settle this case before it was decided, defendant never made a firm offer to plaintiff of as much as $2,580.34 or indeed any firm offer whatsoever. Thus it cannot be said that the defendant offered to avoid the need of incurring an attorney's fee or that a fee in this case is not a reasonable element of plaintiff's damages.

7. Defendant has not indicated an intention to appeal. It is, therefore, not necessary for me to decide what method, if any, is available for plaintiff to recover attorney's fees incurred in connection with an appeal, if successful; and specifically, I need not decide whether (1) the Circuit Court of Appeals if it affirmed the District Court would have power to send the case back to the District Court with instructions to consider what additional fee, if any, should be awarded on account of the appeal, cf. Atchison, T. & S. F. R. Co. v. Consolidated Cut Stone Co., 10 Cir., 47 F.2d 226 or (2) plaintiff would have a new cause of action for attorney's fee incurred

674

since the date of the judgment in the District Court.

8. Plaintiff asks for a fee of $972.50 based on $100 a day for trial; $25 for each of three (not two) appearances on minor court matters; and $15 an hour for office work. Defendant suggests a maximum fee of $300.

9. Taking into account the factors above set forth, particularly in paragraphs 2, 3 and 4, and the factors previously referred to in Hutchinson v. William C. Barry, Inc., D.C.Mass., 50 F.Supp. 292, I fix a reasonable attorney's fee at $300.

Judgment should be entered for plaintiff in the amount of $2,880.34.