### HARRINGTON v. EMPIRE CONST. CO.
#### No. 5704.

Circuit Court of Appeals, Fourth Circuit.
April 1, 1948.

390

■■■■■■■■■

Jacob Blum, of Baltimore, Md., for appellant.

Harry J. Dingle, of Baltimore, Md., for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This action was brought in the District Court under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., to recover overtime pay and liquidated damages. From a judgment in his favor in the amount of $1226.57, the plaintiff appeals on the ground that it is inadequate.

The principal issue with respect to the merits of the case is whether the plaintiff was employed on the basis of a 40-hour week, a 48-hour week, or a fluctuating work week. The plaintiff contends for a 40-hour week, or at least a 48-hour week, while the defendant urges the correctness of the District Judge's finding that until the week ending May 23, 1943, the plaintiff was employed on the basis of a fluctuating work week, that is, that he received a fixed weekly salary without regard to the actual number of hours worked in any week. The District Judge also made the finding that after May 23, 1943, the plaintiff was employed on the basis of a 48-hour week, and while the accuracy of this finding is assailed by both parties, only the plaintiff has appealed. The significance of this issue arises from the fact that in order to ascertain the plaintiff's regular hourly rate of pay (which is then multiplied by one and one-half and by the number of hours worked in each week in excess of 40 hours) it is first necessary to determine the work week as agreed upon in the contract of employment. If the plaintiff was employed for a 40-hour week, then the regular hourly rate of pay would be determined by dividing his basic weekly salary by 40; if for a 48-hour week, then by 48; and if for a fluctuating work week, then by the number of hours actually worked in each week.

The plaintiff was employed by the defendant as a field clerk, and he worked in that capacity from March 26, 1941, to January 17, 1944. The defendant was engaged in the construction business and the plaintiff during the course of his employment worked on eleven projects within a short radius of Baltimore. His duties consisted of recording the time worked by other employees, ordering materials from other states, keeping records thereof, and making periodic reports to the defendant's home office in New York City. At intervals during construction projects, he performed some work in the defendant's Baltimore office.

Until May, 1943, the defendant was under the impression that the provisions of the Act did not apply to the plaintiff on the ground that he was employed in an administrative capacity within the meaning of Section 13, 29 U.S.C.A. § 213. In that month, however, following an audit of the defendant's records by the Wage and Hour Division of the Department of Labor, it was advised that the plaintiff was subject to the Act and it was instructed to compute his pay thereafter on the basis of a 48-hour week.

The District Judge referred the case to a master with instructions to report his findings on this and other issues to the court. Following the taking of testimony, the master filed a report in which he found that the plaintiff was employed on a 48-hour week basis throughout the entire course of his employment, except for the brief periods in which he worked in the Baltimore office. As to this latter work, the master found that the plaintiff was employed on a 42-hour week prior to May 23, 1943, and on a 39-hour week thereafter. The District Judge approved the finding of the master as to the period after May 23, 1943, but rejected the other findings since he was of the opinion, as we have seen, that during the period prior to May 23, 1943, the plaintiff was employed on the basis of a fluctuating week.

■■■■ We think that the conclusions of the District Court should be affirmed. There was little or no evidence to support the plaintiff's contention that his work week

was 40 hours; and the evidence clearly indicates that the plaintiff was employed on the basis of a fluctuating week before May 23, 1943. It was shown, for example, that he worked 70 hours in 27 weeks, 68 hours in 18 weeks, 63 hours in 1 week, 60 hours in 1 week, 58 hours in 3 weeks, 57 hours in 1 week, 56 hours in 4 weeks, 54 hours in 17 weeks, 48 hours in 25 weeks, 42 hours in 12 weeks, 40 hours in 2 weeks, 32 hours in 1 week; and yet throughout this entire interval of time his weekly salary did not vary in accordance with the actual number of hours worked, subject to the exception that it was increased by one-sixth when the plaintiff worked on Sundays. The private contract of employment is controlling on the question of the regular work week. In this case there was no written agreement, but the practice of the parties unmistakably establishes that the plaintiff was paid a fixed weekly salary without regard to the actual number of hours worked in any given week. Such an arrangement is, of course, perfectly proper insofar as the determination of the basic work week is concerned.[1] See Overnight Motor Co. v. Missel, 316 U.S. 572, 580, 62 S.Ct. 1216, 86 L.Ed. 1682. Interpretative Bulletin No. 4 of the Wage and Hour Administration, paragraph 10.

The master's finding as to the 48-hour week prior to May 23, 1943, was based en-tirely upon the practice of the plaintiff, pursuant to instructions from the defendant, of reporting a 48-hour week regardless of the number of hours worked by him. Whatever the purpose of this admittedly erroneous practice, and whatever its significance standing alone, it cannot prevail when measured against the actual conduct of the parties. Nor can any distinction be drawn as to the brief periods during which the plaintiff worked in the Baltimore office of the company. He worked in the Baltimore office only in the intervals between certain construction projects and at such times he received the same weekly salary as when he was away although he worked a much smaller number of hours. There was no basis therefore for applying the fixed work week of the regular Baltimore clerical employees to the plaintiff.

With respect to the period after May 23, 1943, the District Judge in accepting the master's findings expressed the opinion that the most credible parts of the evidence showed that the defendant adopted the recommendation of the Wage and Hour Division as of that date and placed all of its field clerks on a 48-hour rather than a fluctuating hour basis. Since this finding was favorable to the plaintiff, and the defendant has taken no appeal therefrom, we need not give it further consideration.[2]

---

[1] The plaintiff also makes the contention that several projects were undertaken pursuant to Government contracts to which the Walsh-Healey Act was applicable. 41 U.S.C.A. §§ 35-45. Section 1 of that Act, 41 U.S.C.A. § 35, provides that in any contract made or entered into by the United States for the manufacture or furnishing of materials, supplies, articles and equipment in any amount exceeding $10,000, there shall be included a stipulation that no person employed by the contractor in the manufacture or furnishing of the materials, supplies, articles or equipment used in the performance of the contract shall be permitted to work in excess of eight hours in any one day or in excess of forty hours in any one week. The Act applies to contracts between contractors and the Government, and provides its own penalties in the event of a breach. See 41 U.S.C.A. §§ 36 and 37. Apart from the fact that it is not clear whether the Act applied to the plaintiff's employ-ment, we fail to see wherein these provisions have any effect in this suit under the Fair Labor Standards Act. Under the latter Act, the plaintiff is entitled to recover for work in excess of forty hours, but in order to compute the recovery, it is necessary to determine the work week as agreed upon between the contractor and its employees.

[2] It has been held that when a District Judge overrules the findings of a master, it is the duty of the appellate court under Rule 53(e) (2) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to restrict itself to the question whether the master's findings were clearly erroneous and not to apply Rule 52(a) which provides that findings of fact of the District Judge shall not be set aside unless clearly erroneous. See Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975; Michelson v. Penney, 2 Cir., 135 F.2d 409, 414; Mt. Clements Pottery Co. v. Anderson, 6 Cir., 149 F. 2d 461, 465, Reversed, 328 U.S. 680, 689,

The plaintiff also urged that the master and the District Judge erred in rejecting his testimony in certain instances as to the amount of overtime worked by him. It is sufficient to observe that these findings were not clearly erroneous.

Finally, there remains the matter of counsel fee. Section 16, 29 U.S.C.A. § 216, provides that "the court in such action (to recover for overtime work) shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee * * *." The District Judge, acting upon the recommendation of the master, allowed plaintiff's counsel $400, a reasonable sum under all the circumstances, to which no objection is raised in this court by the defendant.

There was, however, a private agreement between the plaintiff and his attorney whereby the plaintiff agreed that his attorney should receive one-third of the total recovery in addition to whatever sum the District Judge would allow him for professional services. Considerable doubt has been expressed as to the validity of such an agreement in view of the obvious intent of Congress that an employer shall pay not only the ordinary court costs but shall pay in addition a reasonable sum for the services of the attorney of an employee who brings a suit of this kind and shows that his employer has failed to pay the wages required by the statute; but it has also been said that the validity of such an agreement is not before the court in such a suit and that the duty of the court is performed when it fixes a reasonable fee and includes it in the judgment in favor of the plaintiff. Skidmore v. Casale, Inc., 2 Cir., 160 F.2d 527; Aucoin v. Mystic Waste Co., D.C. Mass., 55 F.Supp. 672; Hutchinson v. Wm. C. Barry, D.C.Mass., 50 F.Supp. 292.

 We do not share this doubt as we are clearly of the opinion that an agreement by an employee, in case he succeeds in the District Court, to pay his attorney a sum in addition to the counsel fee allowed by the court is contrary to the purpose of the statute and therefore invalid. It is obvious that Congress intended the employee to collect and retain not only the amount of wages due and an additional sum of equal amount as liquidated damages, but also a sufficient sum to pay his lawyer and that this purpose would be frustrated by contract of the kind under consideration. Nor have we any doubt that the court has sufficient control over the attorney as an officer of the court to require him to surrender any claim he may have for an additional fee under a private agreement, as a condition of receiving the fee allowed by the judgment of the court. It is true that the statute does not forbid the attorney to make a private agreement with his client nor forbid an employee to compensate his attorney in case the suit is unsuccessful; but it seems to us too clear for argument that Congress did not intend the court to fix a fee sufficient to compensate the plaintiff's attorney for all of his services and to permit him to collect an additional fee from his client under a private agreement. Such an arrangement would require the cooperation of the court in the frustration of the Congressional purpose. Accordingly the judgment in this case should be so modified as to make the payment of the fee fixed by the court conditional upon the attorney's surrender of all rights to additional compensation under his agreement with the plaintiff. The attorney in the present instance denies any intent to enrich himself unduly and avers his willingness to abandon his rights under the contract upon the allowance of a reasonable fee by the court. The defendant has agreed to the allowance of an additional fee of $100 for services rendered by plaintiff's attorney on this appeal, and in view of the uncertain character of the evidence and the differences of opinion expressed in the course of the proceedings before the master and the District Judge, such additional fee should be granted in the final judgment. See Dumas v. King, 8 Cir., 157 F.2d 463, 467; Greenberg v. Arsenal Bldg. Corp., 2 Cir., 144 F.2d 292.

Modified and affirmed.

---

66 S.Ct. 1187, 90 L.Ed. 1515. We need not pass on this question, however, since we have reached the conclusion that the master's conclusions were clearly wrong insofar as they differed from those of the District Judge.