BIGGS et al. v. JOSHUA HENDY CORPORATION.

No. 12257.

United States Court of Appeals Ninth Circuit.

June 28, 1950.

---

516

Mohr & Borstein and Perry Bertram, Los Angeles, Cal., for appellants.

Thelen, Marrin, Johnson & Bridges, Robert H. Sanders, Los Angeles, Cal., for appellee.

Before HEALY, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

Appellants brought this action under § 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 216(b), hereinafter referred to as the Act, to recover overtime compensation allegedly due from appellee under § 7(a) of the Act, 29

U.S.C.A. § 207(a) [1] Appellants were employed by appellee pursuant to the provisions of a collective bargaining agreement, the pertinent provisions of which appear in the footnote.[2] The trial court found that during the period here involved appellants, in addition to working the hours specified by the contract, were required by appellee to work through their lunch periods of one-half hour each day. The parties stipulated, and the trial Court found, that appellee did not compensate appellants for lunch periods. Appellant Hector and other plaintiffs below, not parties to this appeal, were awarded overtime wages for each lunch period worked on the day shift. Appellants were denied recovery, however, for the lunch periods worked on the second, or swing, and third, or graveyard, shifts. The Court gave as its reason for denying recovery, the payment to appellants of a half-hour premium per day on the swing shift and a one-hour premium per day on the graveyard shift, pursuant to paragraph 5(c) of the contract existing between the Union, of which appellants were members, and Joshua Hendy Corporation. This approach failed to give a proper construction to 29 U.S.C.A. § 207(a), which required payment for employment in excess of 40 hours per week to be at a rate not less than one and one-half times the regular rate at which appellants were employed. The Supreme Court of the United States,

in the case of Bay Ridge Operating Co. v. Aaron, 1948, 334 U.S. 446, 68 S.Ct. 1186, 92 L.Ed. 1502, defined the "regular rate" under this section as the total compensation received for any week, minus overtime premiums, divided by the total number of hours worked during the week. This definition assumes, however, that the total compensation received was in return for all hours worked as regular shifts. The regular hours of work in the plant at which appellants were employed was 7½ hours on the swing and seven on the graveyard, exclusive of the half hour worked and to which appellants were entitled as lunch periods. On the swing shift appellants worked and were compensated for a scheduled 45 hours per week and, in addition, worked three hours during lunch periods for which no compensation was received, or a total of 48 hours. On the graveyard shift a scheduled 42 hours was worked and compensation paid therefor. They also worked three extra hours during lunch periods for which no compensation was received. Hence, on the swing and graveyard shifts the three uncompensated hours must be added to a workweek which, before such addition, totaled more than forty hours. Appellants are therefore entitled to overtime compensation for three extra hours worked each week, except to the extent that such overtime compensation is offset by overtime premium paid by appellee in excess of that required by the Act. In com-

1. "§ 207. Maximum hours
"(a) Except as otherwise provided in this section, no employer shall employ any of his employees who is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

2. "4. Hours of Employment and Overtime.
"* * * Overtime at the rate of one and one-half times the established hourly rate shall be paid for all work performed in excess of eight (8) hours per day and forty (40) hours per week. Since this agreement is based on the intent of six-day-per-week operation, all work performed on Saturdays shall be paid for at one and one-half times the established hourly rate. Overtime at double the established rate shall be paid for all work performed on Sundays and holidays. * *
"5. Shift Work.
* * *
"(b) * * * When irregular or broken shifts are worked, overtime rates shall apply before the regular starting time and after the regular quitting time of the shift on which the employee is regularly employed.

"(c) First or regular daylight shift: An eight and a half (8½) hour period less thirty minutes for meals on the employee's time. Pay for a full shift period shall be a sum equivalent to eight (8) times the regular hourly rate with no premium.

puting such overtime compensation, consideration must be given to §§ 7(d) (6) and 7(g), 29 U.S.C.A. § 207(d) (6), (g), which were added retroactively by the amendments of October 26, 1949, 29 U.S.C. A. 216b.[3] Under § 7(d) (6), appellants' regular hourly rate of pay on the swing shift should be determined by taking the total compensation paid for the normal 45-hour workweek, including the daily half-hour and 10% "shift premium," subtracting the total half-time premium paid for work on Saturday, and dividing the result by 45, the total compensated hours on swing shift. Similarly the regular hourly rate on the graveyard shift should be determined by subtracting the total Saturday half-time premium from the total compensation paid for the normal 42 hour workweek, including the daily one-hour and 15% "shift premium," and dividing the result by 42, the total compensated hours on graveyard shift. To compute the compensation due appellants for each week in which all lunch periods were worked, the regular hourly rate should be multiplied by three (weekly hours of lunch period), multiplied by one and one-half, which is the overtime rate. From the resulting product should be subtracted the amount of credit due appellee under § 7(g) for overtime premium paid in excess of that required by the Act.

On the swing shift, appellants were compensated for 45 hours. Of these hours, 7½ were paid as overtime. The Act required only five of these hours to be paid as overtime. Therefore, appellee is entitled under § 7(g) to credit for 2½ hours excess overtime premium per week. Since the overtime premium was one-half the regular hourly rate, the excess overtime premium was 2½ x ½, or 1¼ times the regular hourly rate per week. The gross amount due appellants for each week in which they worked through lunch periods is the regular hourly rate times 3 times 1½, or the rate times 4½. Subtracting 1¼ from 4½ leaves 3¼ times the regular hourly rate as the net amount due appellants for each week in which they worked through lunch periods on the swing shift.

On graveyard shift, appellants were compensated for 42 hours. Of these hours, 7 were paid as overtime. The Act required only two of these hours to be paid as overtime. Therefore, appellee is entitled under § 7(g) to credit for 5 hours excess overtime premium per week. Since the overtime premium was one-half the regular hourly rate, the excess overtime premium was 5 x ½, or 2½ times the regular hourly rate per week. The gross amount due appellants for each week in which they worked through lunch periods is the regular hourly rate times 3 times 1½, or the rate times 4½. Subtracting 2½ from 4½ leaves 2 times the regular hourly rate as the net amount due appellants for each week in which they worked through lunch periods on the graveyard shift.

Of course, if part of appellants' work during the weeks here in question were performed on Sundays or holidays, for which work they were paid double the regular hourly rate in accordance with the contract, the amount of credit due under § 7(g) would necessarily be adjusted accordingly. To illustrate the proper meth-

---

"Second Shift: An eight (8) hour period less thirty minutes for meals on employee's time. Pay for a full second shift period shall be a sum equivalent to eight (8) times the regular hourly rate plus ten per cent (10%).

"Third Shift: A seven and one-half (7½) hour period less thirty minutes for meals on employee's time. Pay for a full third shift period shall be a sum equivalent to eight (8) times the regular hourly rate plus fifteen per cent (15%).

"(d) For work on any shift less than the full shift period, pay shall be the corresponding proportionate part of the pay for the full shift period, * * *."

3. 29 U.S.C.A. § 207. Maximum hours. (d) (6): "(6) extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days; * * *

"(g) Extra compensation paid as described in paragraphs (5)–(7) of subsection (d) shall be creditable toward overtime compensation payable pursuant to this section.

od of computation, assume an employee on the graveyard shift at a contract hourly rate of $1.50 per hour who has been compensated for the 42 hours of work per week, Monday through Saturday, as required by the contract but who has worked three extra hours per week during lunch periods without compensation. The overtime compensation due each week under § 7 should be computed as follows:

A. Regular hourly rate.

$1.50 x 8 = $12.00+15% premium = $13.80 per day (straight time),
$13.80 x 5 = 69.00 (paid for Monday through Friday)
$13.80 x 1½ = 20.70 (paid for Saturday)

_____
$89.70 (total weekly compensation)
Less $13.80 x ½ = 6.90 (Saturday premium, § 7(d) (6))

_____
$82.80 (weekly compensation includible in regular rate under § 7(a))

$82.80
_____ = $1.971 (regular hourly rate under § 7(a))
42 (total compensated hours)

B. Credit under § 7(g).

Saturday hours compensated at time and one-half under § 7(d) (6) = 7
Less hours compensable at time and one-half under § 7(a) 42—40 = 2
_____
Hours for which half time premium is creditable under § 7(g) 5

C. Net overtime compensation due.

Gross overtime due per week under § 7(a) = 3 x 1½ x $1.971 = $8.87
Less excess overtime creditable under § 7(g) = 5 x ½ x $1.971 = 4.93
_____
Net overtime compensation due per week under § 7 $3.94

The same result arrived at by the foregoing illustration of a method of computation is reached by the following alternative method.

Taking the sum of $82.80 as the weekly compensation includible in the regular rate pursuant to the wage agreement as made, it is apparent that since the employee on the graveyard shift actually worked three additional hours, the weekly compensation includible in the regular rate for a week including three additional hours would be $\frac{45}{42}$ of $82.80 or $88.71 +.

Dividing 88.71 + by 45 (actual number of hours worked) equals $1.971 + (regular hourly rate).

The amount required to be paid under the Act would therefore be calculated as follows:

40 hours x $1.971 + = $78.86.

5 hours overtime requires 5 x 1½ x $1.971 +, or $14.78 (amount due for overtime).

$78.86 + $14.78 = $93.64 (amount required by the Act).
$89.70 (amount actually paid)
_____
$ 3.94 Net amount due per week.

■■ Appellee has cross-appealed, advancing several contentions in which we find no merit. First, appellee contends that it was not subject to the Act because it (appellee) was a cost-plus contractor under the United States Maritime Commission Wage Statute, 40 U.S.C.A. § 326 (1946), which, it is urged, precluded applicability of the Fair Labor Standards Act. Appellee further contends that because the ships it built were all delivered to the Government

in the same State in which they were manufactured, none of appellee's employees were engaged in commerce or in production of goods for commerce within the meaning of the Fair Labor Standards Act, notwithstanding the fact that the Government had procured the ships for use in interstate and foreign commerce in carrying on the war. These contentions were answered by the Supreme Court adversely to appellee in Powell v. United States Cartridge Co., 339 U.S. 497, 70 S.Ct. 755.

 Cross-appellants further contend that work performed by appellants during lunch periods cannot be the basis for recovery under the Fair Labor Standards Act by reason of § 2 of the Portal-to-Portal Act, 29 U.S.C.A., § 252, because such work is not made compensable by the express provision of a contract within the meaning of § 2(a) (1). That section is directed against claims for compensation for activities, such as dressing for work, traveling within the plant to the job location, etc., which are different from the activities which comprise the regular, normal part of the employment. The section has no application where, as here, the work for which compensation is being claimed is the same kind of work as was performed throughout the remainder of the workweek.

 Appellee's final contention on cross-appeal is that there is insufficient evidence to support the finding of the trial court that appellant Biggs worked during all of his lunch periods. We think the evidence sustains the finding. He was on call at all times and time thus spent was compensable under the Fair Labor Standards Act. Armour & Co. v. Wantock, 1944, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118; Skidmore v. Swift & Co., 1944, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124.

It is apparent from the record that the trial Judge understood and had in mind the correct approach to a proper solution of this case but felt he should follow the case of Joshua Hendy Corporation v. Mills, 9 Cir., 169 F.2d 898. We are convinced that Joshua Hendy Corp. v. Mills, insofar as it related to the swing and graveyard shifts,

was incorrectly decided and to the extent it conflicts with this opinion it is overruled.

What we have here said would call for a reversal of the judgment below. However, when this case was argued before us the parties did not argue the question of the constitutional validity of the retroactive provisions of § 216b of Title 29. We think that before the judgment of this court shall become final the parties should have an opportunity to be heard on the question. Accordingly, each party shall be granted until the 1st day of August, 1950, within which to file a supplemental brief upon such question, should either be so advised. The parties may, if they so choose, file typewritten briefs.