James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Mulfred S. GATLIN, Talmadge R. Gatlin and J. Shelby Gatlin, Defendants.

Civ. A. No. 892–E.

United States District Court
S. D. Mississippi, E. D.
Nov. 6, 1959.

provisions of the Fair Labor Standards Act of 1938 (29 U.S.C.A. § 201 et seq.).[1]

The case is submitted upon the pleadings, the oral testimony of the several witnesses and exhibits to that testimony, stipulations of the parties as dictated into the record, and the written briefs and arguments of counsel. Upon this submission this Court now proceeds, in this memorandum opinion, to make the appropriate findings of fact and conclusions of law.

The defendants, Mulfred S. Gatlin, Talmadge R. Gatlin, and J. Shelby Gatlin, the former being the father and the latter being his two sons, are partners operating the business of Gatlin Lumber Company at Waynesboro, Mississippi, they being, as partners, the owners of said business, and, as such owners, are engaged in the sawmill, planer mill, dry kiln and lumber yard business; the defendants also conduct logging and forestry operations by which they supply their mill and lumber manufacturing plant with logs. It is stipulated by and between the parties to this litigation that approximately one-half of the lumber produced by these defendants is shipped in interstate commerce. Throughout the period involved in this litigation, the defendants have employed from seventy to one hundred employees in their business. The defendants stipulate that all of their employees are subject to the minimum wage, the overtime, and the record-keeping provisions of the Fair Labor Standards Act, except those employees that defendants say are subject to the executive and/or administrative exemption as set out in § 13(a)(1) of the Act and also except some of the employees that defendants say are subject to the forestry exemption as set out in § 13(a)(15) of the Act.

Plaintiff's contention that the defendants have violated and at the time this action was filed were violating the Fair Labor Standards Act rests upon the the-

Harold C. Nystrom, Acting Solicitor, Washington, D. C., Beverley R. Worrell, Regional Atty., and F. Marshall Neilson, Atty., U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

Floyd, Cameron & Deen, Meridian, Miss., for defendants.

JOHNSON, District Judge.

This action, filed by the plaintiff as Secretary of Labor, United States Department of Labor, was tried by this Court, sitting without a jury, at Meridian, Mississippi, the Eastern Division of this Court, on September 25, 1959. By this action, the plaintiff in his capacity as Secretary of Labor seeks to have this Court enjoin the above-named defendants from violating the minimum wage (§ 6 (a)), overtime (§ 7(a)), shipping (§ 15 (a)), and the record-keeping (§ 11(c))

1. Specifically, the plaintiff says that these defendants have violated and "are violating" each of the above-numbered provisions of the Act since August 17, 1955, with the exception of § 6, which plaintiff says the defendants have violated since March 1, 1956.

ory that the defendants persistently, throughout the time involved, made payments to their laborers at their planer mill and sawmill at the rate of time and one-half for overtime work only when they worked in excess of 80 hours in a two-week payroll period rather than payment to them for overtime work when they worked in excess of 40 hours in one workweek; that defendants compensated their lumber stackers on a piece-rate basis only without keeping a record of the number of hours they worked and without regard to the minimum wage or overtime provisions of the Act; that the defendants compensated their millwrights, planer mill operators, machinists and other "key employees" on a salary basis with no payment except straight salary and without regard to the number of hours worked and without keeping any accurate records of the number of hours worked; and the failure to compensate their forestry employees in accordance with the provisions of the Act when the number of forestry employees exceeded twelve.[2]

■ From the evidence presented, this Court specifically finds that during the two-year period from August, 1955, to the time this action was filed in September of 1957, in over 125 instances these defendants failed to pay their employees, pursuant to the overtime provisions of the Act, for hours worked in a workweek in excess of 40 hours. Instead, they paid overtime wages only for time worked in excess of 80 hours in a two-week pay period. As a matter of fact, such appears to have been the policy consistently followed in defendants' operation. Such practice invariably resulted in employees failing to receive the proper wages for their overtime work.

With reference to the lumber stackers, this Court specifically finds that these defendants compensated their stackers on a piece-rate basis only; this basis generally referred to by the witnesses as payment by the truck. These defendants did not commence to keep accurate hours of their lumber stackers until sometime in 1958. Lumber stackers generally worked five or five and one-half days per week with an average workweek of approximately 45 hours and were never paid anything in excess of the contract rate of $5.50 per truck. No "regular rate" of pay for these employees was established or converted to an hourly rate.

This Court further finds that the defendants' millwright, whose duties consisted of keeping up the sawmill, insofar as its mechanical operation was concerned, ordinarily worked 45 hours per week and occasionally worked in excess of that by working on Sundays. He received only a straight salary of $45 per week. Defendants' payroll records, however, reflected that he consistently worked 8 hours a day, 5 days each week. The oral testimony concerning the actual hours the millwright worked was corroborated by defendants' time-book records, which reflected that he, in certain instances, worked up to 90 and in one instance up to 102 hours during certain two-week payroll periods. Such a practice was also generally true with the planing machine repairman and the machinist.

During the time herein involved, the defendants had three employees named Mack Lee, Ollie Jones, and A. N. (Ab) Bell, who were also paid on a straight salary basis. The records kept on the time worked by these employees, when such records were kept, do not reflect the actual hours worked by these employees, but reflect nothing more than assumed hours (assumed by the owners who were also the timekeepers) worked by said employees. These last three

2. The exemption provision of the Fair Labor Standards Act concerning forestry employees is as follows: "Any employee employed in planting or tending trees, cruising, surveying, or felling timber, or in preparing or transporting logs or other forestry products to the mill, processing plant, railroad, or other transportation terminal, if the number of employees employed by his employer in such forestry or lumbering operations does not exceed twelve."

named employees, Lee, Jones, and Bell, are the three employees the defendants contend are exempt under the forestry exemption of the Act. Their duties involve the supervision and the cutting of lumber and pulpwood from defendants' land and on other lands the defendants have contracted to cut the timber on, to report any trespassing, and to cruise defendants' timber land to see that it is not being stolen, to supervise some of the cutting of the smaller contract sawmills, and to keep check on the pulpwood that is hauled from the woods to see that it gets to the defendants' mill. Defendants' forestry crew works under the supervision of the crew's foreman, J. W. Gatlin. The number of defendants' employees engaged in forestry activities during the period reflected by the evidence were, if it is concluded that Bell, Lee and Jones were forestry employees, 14 employees during 26 pay periods, 13 employees during 22 pay periods, 12 employees during one pay period, 11 employees during one pay period, and 8 employees during one pay period. The plaintiff concedes that during the workweeks when there were 12 or less employees in the forestry crew, the entire crew was exempt from the Act. It is also conceded by the defendants that the logging or forestry crew in many instances worked overtime and did not receive pay according to the provisions of the Act. In other words, if this Court finds that Lee, Jones and Bell were engaged in forestry operations within § 13(a) (15) of the Act, then these defendants, in many instances, violated the provisions of the Act concerning minimum wage, overtime, and record-keeping as to all the forestry crew.

Upon all of the evidence submitted, this Court now specifically finds that Mack Lee, Ollie Jones, and A. N. (Ab) Bell, each had some forestry duties and, further, that the defendants failed to meet the burden of proving exemption, insofar as these employees are concerned, from the Fair Labor Standards Act. It is well settled that exemptions from the Act are to be narrowly construed. See Mitchell v. Kentucky Finance Co., 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed.2d 815, and A. H. Phillips, Inc. v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095. Concerning defendants' claim of forestry exemption, the only case in point seems to be that of Woods Lumber Co. v. Tobin, 6 Cir., 1952, 199 F.2d 455. In that case the court held that where the total number of the defendants' employees engaged in lumbering and forestry operations, including employees on the company's towboats and derrick boats and engaged in unloading barges, exceeded 12, such employees were not exempt from the operation of the Act. It appears to this Court that the forestry exemption seems to apply to the broad category of lumbering and/or forestry operations and that the duties performed by Mack Lee, Ollie Jones, and A. N. ·(Ab) Bell make it necessary to include those employees in the total of the employees engaged in the defendants' forestry or lumbering operations. This means, of course, that in almost 50 of the pay periods involved, the defendants insofar as all of their forestry employees were concerned violated the minimum wage, the overtime, the shipping, and record-keeping provisions of the Act.

Defendants' practice followed persistently of paying overtime only when the employees worked in excess of 80 hours for a two-week pay period clearly violates the provisions of the Fair Labor Standards Act. See Roland Electrical Co. v. Black, 4 Cir., 1947, 163 F.2d 417, 6 A.L.R.2d 82.

Defendants' practice of employing the lumber stackers on a straight piece-rate basis and not keeping any accurate records of the actual hours these lumber stackers worked, and not finding the regular rate of pay for these employees, violated the provisions of the Act. See Walling v. Youngerman-Reynolds Hardwood Company, 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705; Walling v. Harnischfeger Corp., 325 U.S. 427, 65 S.Ct. 1250, 89 L.Ed. 1711; Rutherford Food Corp. v. McComb, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772; and United

States v. Rosenwasser, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301.

 With respect to defendants' practice of failing to keep accurate records for key employees doing the work of machinest, millwright and planer mill operators and failing to pay overtime compensation to those employees when they worked in excess of 40 hours in a workweek and failing to pay those employees the minimum wage as required by the Act, this Court finds and concludes that such practice is a clear violation of the Fair Labor Standards Act. The fact that they pay these "key employees" a salary does not relieve them of complying with the Act when they are not exempt as executive or administrative employees, as defined by the regulations. None of these employees termed "key employees" (and this includes Mack Lee, A. N. (Ab) Bell, and Ollie Jones) performed work or duties of an executive or administrative employee, and if it could be argued that they did perform such work, their compensation was not as great as that required by § 541.1 and § 541.2 of the Code of Federal Regulations.[3]

In considering whether or not such practices and violations on the part of these defendants necessitate the issuance of an injunction, the evidence reflects that there have been at least three investigations by the Wage and Hour Division of the Department of Labor of the defendants' operations. Upon at least one previous occasion, in 1954 or early in 1955, these defendants were advised that they were violating the overtime and record-keeping provisions of the Act and agreed to correct the violations at that time. The defendants' violations as herein set out have been persistent and continuous, and it is the conclusion of this Court that such persistent and continuing violations make it necessary and appropriate for this Court to enjoin these defendants from further violations of the Fair Labor Standards Act. See Lenroot v. Kemp, 5 Cir., 153 F.2d 153, Mitchell v. Raines, 5 Cir., 238 F.2d 186, and Mitchell v. Hausman, 5 Cir., 261 F.2d 778.

A formal judgment will be made and entered in this cause in accordance with the foregoing.

---

3. See Title 29, Code of Federal Regulations.