JESSE WILLARD WHITE

*v.*

DONALD E. BORDENKIRCHER, *Warden, WVS*

(No. 15265)

Decided February 2, 1982.

*James H. Young, Jr.*, for appellant.

*Chauncey H. Browning*, Attorney General, and *Thomas N. Trent*, Assistant Attorney General, for appellee.

MILLER, CHIEF JUSTICE:

In this appeal from a habeas corpus proceeding held in the Circuit Court of Cabell County, appellant Jesse Willard White contends that the circuit court erred in not ordering his transfer to Weston State Hospital for treatment of mental illness as provided by the provisions of W. Va. Code, 28-5-31 (1979). At the proceeding below, evidence was introduced to the effect that the appellant was suffering from a mental illness, paranoid schizophre-

nia. The circuit court refused the appellant's requested transfer to Weston State Hospital based on testimony from an expert, Dr. Robert Kerns, that there were no secure facilities at Weston to care for the criminally insane and that adequate treatment was available at the State Penitentiary at Moundsville where White is incarcerated.

The appellant contends that the circuit court's conclusion that adequate treatment exists at Moundsville is factually unsupported and that we should reverse the circuit court and direct his commitment to a mental institution for appropriate treatment. We decline to adjudicate the merits of this claim since after granting this appeal, we were informed by the appellant's counsel in another proceeding now pending before this Court,[1] that the appellant has a prior habeas corpus proceeding filed in the Circuit Court of Marshall County where he is contesting the condition of his confinement and which proceeding is being consolidated[2] with similar proceedings for an evidentiary hearing before a designated circuit judge.

The issue that appellant seeks to have us decide on this appeal is part of the same issue which he is pursuing by way of habeas corpus in the Circuit Court of Marshall County. We do not find from the record in this case a sufficient evidentiary basis to determine the issue and in view of the fact that appellant is pursuing a similar claim in the Circuit Court, we dismiss this appeal as being improvidently awarded. This situation is analogous to those cases where on appeal the court is unable to reach a correct legal determination because the record is not sufficiently developed to permit an informed judgment, and, therefore, the case is remanded for further development. We expressed this principle in Syllabus Point 2 of

---

[1] *State ex rel. White v. Narick, Judge,* No. 15442.

[2] By order entered January 18, 1982, the Circuit Court of Marshall County consolidated Case No. 81-C-422 with Case No. 81-C-320. Appellant's habeas corpus appeal on his underlying criminal conviction was recently settled by this Court in *State ex rel. White v. Mohn,* ___ W. Va. ___, 283 S.E.2d 914 (1981).

*South Side Lumber Co. v. Stone Construction Co.*, 151 W. Va. 439, 152 S.E.2d 721 (1967):

"When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development."

*See also Young v. Young*, 158 W. Va. 521, 212 S.E.2d 310 (1975); *Painter Motors, Inc. v. Higgins*, 155 W. Va. 582, 185 S.E.2d 502 (1971).

Here, where the habeas corpus appeal record does not contain sufficient facts such that this Court cannot in justice determine the judgment that should be finally rendered and the appellant is pursuing a subsequent habeas corpus proceeding in a different circuit court, his appeal will be dismissed since he will still have an opportunity to develop his claim in the subsequent habeas corpus proceeding.

For the foregoing reasons, the appeal in this case is dismissed.

*Dismissed.*