346 S.E.2d 66

**Clifford GOODEN, et al.**

v.

**William C. FRISBY, et al.**

**No. 16636.**

Supreme Court of Appeals of West Virginia.

July 11, 1986.

J. Burton Hunter, III, Buckhannon, for appellants.

Harold E. Yost, Bridgeport, for appellees.

PER CURIAM:

This appeal involves the validity of the circuit court's order granting a motion to dismiss on behalf of the defendants in a civil action which involved a dispute as to the ownership of a roadway that runs between the plaintiffs' and defendants' properties. In an earlier case brought by the same parties, the circuit court had concluded that the roadway had not been abandoned, but is owned by the State of West Virginia and dismissed the action.

In the second suit filed in August, 1983, the plaintiffs claimed that a predecessor in title to the defendants, the Frisbys and the Pattersons, had granted a thirty-foot right of way to the County Commission of Upshur County in 1932 which ran a slightly different course from the roadway. The complaint also stated that the defendants were blocking ingress and egress to the roadway and the right of way and claiming dominion over them. Both the Upshur County Commission and the Commissioner of the West Virginia Department of Highways were also joined as defendants. Both of these parties answered denying they had any ownership in the disputed property. The defendants Frisbys and Pattersons answered denying that the plaintiffs had any right to the disputed property.

When the matter came on for trial on February 17, 1984, the defendants, the Frisbys and the Pattersons, made a motion that the complaint failed to state a claim upon which relief could be granted. The exact grounds of this motion are not disclosed in the record and plaintiffs' counsel objected as this motion was not in writing.

The trial court indicated it would grant the motion, but urged the parties to compromise the case. No order was entered at that time. It appears that efforts were made to settle the case and the plaintiffs' counsel believing that a possible settlement had been achieved drafted a proposed settlement order. This order outlined the terms of the settlement and concluded by dismissing the case. The order was signed by the plaintiffs and their counsel and forwarded to defense counsel.

From letters contained in the record, it appears that defense counsel proposed modifications to the settlement order which were unacceptable to the plaintiffs. By a letter dated April 13, 1984, plaintiffs' counsel advised defense counsel that unless the original order was agreed to, the plaintiffs would withdraw the compromise offer and proceed in the litigation. This was followed by a May 10, 1984 letter from plaintiffs' counsel in which he advised that his

clients "have instructed me to withdraw their offer of compromise." The letter then submitted a new offer.

Following this, defense counsel contacted the court and a meeting was held with the parties before the judge on May 23, 1984. The original compromise order prepared by the plaintiffs' counsel was discussed and the court was informed by plaintiffs' counsel that this offer had been withdrawn before it had been accepted by the defendants. The trial court proceeded to enter the order over the objection of counsel for the plaintiffs.

Thereafter, a motion for new trial was made by plaintiffs' counsel which was overruled by the trial court. Although this order speaks of several grounds for the dismissal of the case other than the entry of the compromise order, it is difficult to discern the nature of the grounds since the motion was made orally on the day of the trial and there is no transcript in the record. In view of the pleadings filed by the parties where most of the material facts were in dispute, it is difficult to determine the basis for the trial court's ruling. We have traditionally held that where a correct determination cannot be made because of the lack of an adequate appellate record, the case will be remanded in accordance with the principles set out in Syllabus Point 2 of *South Side Lumber Co. v. Stone Construction Co.*, 151 W.Va. 439, 152 S.E.2d 721 (1967):

> "When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development."

*See also* Syllabus, *Wells v. City of Fairmont*, 173 W.Va. 519, 318 S.E.2d 463 (1984); *White v. Bordenkircher*, 169 W.Va. 239, 286 S.E.2d 686 (1982); *Young v. Young*, 158 W.Va. 521, 212 S.E.2d 310 (1975); *Painter Motors, Inc. v. Higgins*, 155 W.Va. 582, 185 S.E.2d 502 (1971).

With regard to the entry of the so-called compromise order, we believe this was error. It is clear from the letters of the plaintiffs' counsel that prior to the May 23, 1984 court meeting, his clients had withdrawn the compromise offer and this was before the defendants had indicated it was acceptable to them. We spoke to this general rule in Syllabus Point 5 of *Smith v. Atlas Pocahontas Coal Co.*, 66 W.Va. 599, 66 S.E. 746 (1909):

> "A mere proposal by plaintiff amounting to a proposition of compromise of a claim for damages for breach of a contract, unaccepted by defendant will not estop or bar him of his right of action against defendant."

In *Gillespie v. Scottish Union & National Insurance Co.*, 61 W.Va. 169, 56 S.E. 213 (1906), we indicated that an offer in compromise could be withdrawn at any time prior to its acceptance. *See generally*, 15A Am.Jur.2d *Compromise and Settlement* § 9 (1976).

For the foregoing reasons, the judgment of the Circuit Court of Upshur County is reversed and the case is remanded.

Reversed and Remanded.