# CHARLESTON

COOK *et al.* v. RALEIGH LUMBER CO.

Submitted May 26, 1914.   Decided June 16, 1914.

1. TRESPASS—*Cutting Timber—Proof of Title.*

  In an action of trespass for cutting timber, by the claimant of a junior grant lying wholly within the boundaries of a senior one from which exceptions have been made, against a claimant of the senior grant, the former, in order to show title in himself, must prove his grant is a part of the excepted land, agreeably to the rule of practice in actions of ejectment, governing such actions of trespass, requiring the plaintiff to recover on the strength of his own title. (p. 504.)

2. NEW TRIAL—*Trial*—*Trial by Court*—*Failure to Adduce Evidence*—
   *Mistake*—*Discretion of Court.*

   If, in a case submitted to the court in lieu of a jury, for its
   findings on questions of fact, making the parties, respectively,
   demurrant to the evidence and demurree, there has been an omission,
   under a misapprehension of law, to adduce any evidence on the
   issue upon which the right of recovery depends, the trial court
   should decline to make its findings or render judgment, until it has
   settled the legal question by which the omission was occasioned and
   given the party in default an opportunity to supply the evidence
   necessary to sustain his case; and, if not having done so, it has
   rendered judgment without development of the merits of the case,
   the judgment will be reversed and a new trial awarded, in further-
   ance of justice. (p. 507).

Erorr to Circuit Court, Raleigh County.

Action of trespass for cutting timber, by Harvey Cook and
others against the Raleigh Lumber Company. Judgment for
plaintiffs, and defendant brings error.

*Reversed, and new trial ordered.*

*McGinnis & Hatcher,* for plaintiff in error.

*McCreery & Patterson,* for defendants in error.

POFFENBARGER, JUDGE:

In this action of trespass for cutting timber, resulting in a
judgment for $2625.00, on a finding by the court, trial by
jury having been waived, but two questions were presented,
one of title and the other the amount of the damages.

Plaintiffs traced their title to a grant or patent from the
Commonwealth of Virginia for about 500 acres of land from
a portion of which the timber in question was cut, bearing
date Aug. 31, 1847. As to their right to this title there is
no dispute. The only question is whether it is junior to the
older grant under which the defendant claims title to the
same land. In other words, whether the older patent granted
the land embraced in the junior one, in which case
the former would be admittedly superior. This old grant to
Moore and Beckley, dated June 20, 1795, for 170,038 acres,
makes about 20 specific exceptions and one of 1500 acres in
general terms. Whether the later 500 acre grant is part of
the excepted land has not been shown. If it is, the title

under it is good, but bad, if it covers a part of the land within the exterior bounds of the older grant and not excepted. Each party assuming it to have been the duty of the other to show whether the later grant was part of the land excepted from the older one, neither assumed the burden, and the correctness of the court's finding depends upon whether the duty to locate the exceptions, or such of them as include the land in controversy, rested upon the plaintiff. If so, the judgment is erroneous. If not, it is right in so far as it relates to the question of title.

The rule in *Stockton* v. *Mòrris,* 39 W. Va., 432, requiring the claimant under an inclusive grant to locate the exceptions, invoked by the plaintiffs as protection in the position they have assumed, is not one peculiar to such grants, but only one of practice in the action of ejectment. It is a corollary of the principle or rule requiring the plaintiff in ejectment to recover, if at all, on the strength of his own title. In the declaration and assertion thereof, in *Stockton* v. *Morris,* Judge BRANNON repeatedly said so. It is the sole reason given by him as the basis of the rule. When the relation of the parties has changed and the plaintiff claims under the junior patent and the defendant under the senior and inclusive grant, the reason of the rule shifts the burden of location to the junior claimant, because he is the plaintiff and must prove his right to recover. In other words, the altered circumstances change the application of the rule. It springs, not out of the subject matter or nature of the grant, but out of the relation of the parties to the action, the plaintiff always falling under it, the defendant never, because the former not the latter, carries the burden of proof. *Virginia C. & I. Co.* v. *Keystone C. & I. Co.,* 101 Va. 723.

But for the presence of the senior patent in the case, the plaintiffs showed *prima facie* title, by the introduction of their junior patent and proof of their connection therewith. Nevertheless, the two patents being in evidence, there was uncertainty as to whether their title was good. Whether it was or not depends upon the location of the exceptions from the senior grant. If the junior one covered excepted land it was good and, if not, it was worthless. To overcome the defendant's admitted possession, presumed to be rightful and in

itself evidence of title, it was necessary to remove this element of uncertainty, and, agreeably to the general rule, the burden of removal thereof fell upon the plaintiffs. They had to recover upon the strength of their own title, and, although they held a patent, the inclusion of their grant within the bounds of the older one made their title depend upon whether their grant was of the land excepted from the latter. Of course, in the absence of anything in evidence to the contrary, a mere *prima facie* case will sustain a verdict. *Riffle* v. *Skinner,* 67 W. Va. 75. The plaintiff need not affirmatively show there is not in existence any title to the land other than his, but, if the case as made by him, or as shown by all the evidence adduced on both sides, leaves it doubtful and uncertain whether he has any title, there is no *prima facie* case in his favor. If it can be said the plaintiffs here had shown one, by the introduction of their patent and proof of their connection therewith, it clearly failed on the disclosure of the senior patent. Had the action been ejectment, their undertaking would have been to obtain the possession from the defendant by proof of their right to it, and consistently they could not be deemed to have done so by showing merely that it might or might not be theirs. They would be bound to go far enough to enable the court to see their right to it or the right of the jury to find it upon the evidence. One in possession of land may hold it, until some demandment shows right to it in himself. This is the clear logic and result of the assumption by the plaintiffs, of the burden of proof. Though this is not an action of ejectment, the procedure is governed by the principles applied in ejectment, in so far as it pertains to the right of recovery. *Mylius* v. *Lumber Co.,* 69 W. Va. 346.

The Virginia case above cited is not distinguishable from this one, nor does the opinion therein proceed upon anything other than the legal proposition just stated. It says the "defendants derived title" under an older grant than the one under which the plaintiffs claimed, meaning, of course, that they connected themselves with it. Again it says the defendants introduced a senior patent and proved the land in controversy was within the exterior boundaries of their patent. How could it be theirs, if they did not connect themselves with it?

There is no error in the finding of the court as to the amount and value of the timber cut. Both were disclosed by the testimony of two men who went upon the ground and measured it. Circumstances are relied upon for the inference of inclusion in the estimate of timber cut by one, Williams, several years before the cutting was done by the defendant, since it was based upon stumps found on the land. It is hardly likely the estimators would fail to distinguish fresh stumps from others 14 or 15 years old. Besides, one of the plaintiffs said the estimate had been made under his direction and included only timber cut by the defendant.

The failure of the plaintiffs to prove title to the timber necessitates reversal of the judgment and calls upon us to say whether judgment for the defendant will be rendered here or the case remanded for a new trial. Having been tried by the court, the case is to be treated and disposed of as if it stood upon a formal demurrer to evidence. Owing to a misapprehension of the law by the court as well as the plaintiffs, the merits of the case were not developed. Relying upon the ruling in their favor, the latter refrained from effort to prove their title. Had the ruling been different, they no doubt would have endeavored to do so and might have succeeded. Under such circumstances, justice requires the award of a new trial. "The safer and better rule is that a party, without losing his right to make a better case, may stand upon the favorable rulings of the court until they fail him, and then go back and strengthen his position." *Hager* v. *Melton*, 65 W. Va., 62, 70; *Holt* v. *Miller*, 43 W. Va., 153; *Love* v. *Tinsley*, 32 W. Va., 25; *Sitlingtons* v. *Brown*, 7 Leigh 271; *Miller* v. *Argyle's Exrs.*, 5 Leigh 460; *Cropper* v. *Burton*, 5 Leigh 428; *Duff* v. *Duff*, 3 Leigh 373; *Hilton* v. *Hilton*, 1 Gratt. 161. Most of these precedents were decisions in equity suits, but the same rule prevails in the legal forum. If the real merits of a case are not developed by the evidence demurred to so as to enable the court to embody in its judgment the legal rights of the parties, there is, at least, discretionary power to award a new trial. *Gibson and Johnson* v. *Hunter*, 2 H. Bl. 187; *Gazzam* v. *Bank*, 1 Ala. 268; *Duerhagen* v. *Insurance Co.*, 2 S. & R. 185. If, by mistake or otherwise, a material fact on which the issue

depends, and of the existence of which the court has judicial knowledge, has been omitted in the demurrer, it is proper to award a new trial. *Taliferro* v. *Gatewood*, 6 Munf. 320. A joinder in a demurrer to evidence will be set aside upon disclosure of the inadvertant omission to prove a vital fact. *Insurance Co.* v. *Wilson et al.*, 29 W. Va. 528. That the degree of liberality in the allowance of amendments to pleadings in furtherance of justice, should obtain in the disposition of demurrers to evidence, was declared by Judge Tucker in *Fairfax's Admr.* v. *Lewis*, 11 Leigh, 233. While it is not the duty of the court to give advice to litigants, it clearly has discretionary power to act or refrain from action in furtherance of justice, and is under a duty not to participate in procedure that is subversive of the rights of the parties. Having before it a case in which no evidence at all has been adduced on the controling question of fact, constituting the real issue in the case, and seeing a clear misapprehension of law inducing the omission, it ought, in the interest of justice, to decline to accept the case for decision, until it is ascertained whether the party can prove the fact or desires to do so. To accept the case under such circumstances, and erroneously decide it in favor of the party in fault is clearly prejudicial, for the court concurs in the erroneous conception of the law, inducing the omission. The determination of substantial rights between parties in litigation is not, like an athletic game or contest, a matter of mere competition in skill or ability, including penalties and forfeitures for inadvertance or mistakes, and obviously should not be. Nevertheless the courts must protect themselves against carelessness and lack of diligence, to the end that the administration of justice shall not be needlessly embarrassed by delays to the prejudice of litigants who bestow upon their business the requisite attention and skill. To allow an amendment by way of a new trial, under the circumstances disclosed here, does not open the door to the evil to be avoided, nor encourage negligence or carelessness.

The judgment complained of will, therefor, be reversed, a new trial awarded and the case remanded.

*Reversed and new trial awarded.*