The majority decision is based on Laas v. Lubic, 101 W. Va. 546,Cook v. Lbr. Co., 74 W. Va. 503, and Ins. Co. v.Wilson, 29 W. Va. 528, without any attempt to discover and apply the reasons which impelled those decisions. Laas v.Lubic, merely refers to and depends on Cook v. Lbr. Co., andIns. Co v. Wilson. Cook v. Lbr. Co. involved the title to timber land and was tried by the circuit court in lieu of a jury upon evidence offered by both parties. It was upon a patent introduced by defendant (issued prior to the patent under which plaintiff claimed), that the weakness of plaintiff's title was made apparent. Consequently the declaration by this court in the second point of the syllabus that the submission of the case to the trial court for its findings on questions of fact, made the parties demurrent to the evidence and demurree, respectively, is not well taken. It is unheard-of practice that the defendant, merely by agreeing to submit the facts to the court instead of a jury, thereby waives all of his evidence in conflict with that of plaintiff, etc., which he would do as a demurrant to the evidence. Because of this misconception of the position of the parties it is not surprising that the court then misapplied the law and remanded the case merely to see, as the opinion states, if the plaintiffcould prove the omitted fact (his title) or desired to do so. That statement clearly shows there was nothing in the record from which the court judicially knew the plaintiff could furnish such proof. How different was the situation in Ins. Co. v. Wilson. There the plaintiff moved the trial court for permission to withdraw his joinder to defendant's demurrer before the demurrer had been passed on. The plaintiff further showed by affidavit that he had been led by the representations and conduct of the defendant, prior to the trial, not to put in his whole case and that he was then in position *Page 364 
to fully supplement his evidence, etc. This court very properly held that plaintiff's motion was made at a time when the trial court had control of the entire proceedings; that the trial court was shown that the plaintiff had available, material evidence which he had been trapped by defendant into omitting, and that accordingly the joinder in the demurrer should have been set aside and the case reopened. The opinion (p. 542) says: "The circumstances of this case bring it precisely within the rules acted upon in Gibson v. Hunter, H. Blk. 207, andTaliaferro v. Gatewood, 6 Munf. 320."
Gibson v. Hunter, decided in 1793 and reported in 2 H. Bl. 187 (instead of the reference above given), declared, on page 208, "the whole proceeding upon a demurrer to evidence to be under the control of the judge before whom the trial is had."Taliaferro v. Gatewood, decided in 1819, after repeating the above declaration in Gibson v. Hunter, continued: "If, therefore, by mistake or otherwise a material fact, on which the point in issue depends, and which the court judicially knows to exists, be omitted in such demurrer, it ought to be set aside as too uncertain for a judgment to be given thereon." So, if in the West Virginia decisions which cite and purport to rely on the rule of Gibson v. Hunter andTaliaferro v. Gatewood, the court judicially knew to exist theomitted facts, then such decisions were properly within the rule — otherwise they were not. Judicial knowledge of the omitted fact is the heart of the rule. This is clearly shown by the opinion in Taliaferro v. Gatewood, p. 323. The evidence omitted in that case was the writ in another action. The opinion specifies: "The case before us being of a record, in which, it is judicially known to the court that a writ existed and preceded the filing of the bill, our decision will have no effect as to cases in which ulterior evidence may or may not exist, and in which it is not certainly known to the court that it does exist. In such cases, the party must abide by the testimony he has exhibited." In the instant case "it is not certainly known to the court" that proof of loss was filed. Ulterior evidence of that fact "may or may not exist." Therefore, under the precise exclusion of Taliaferro v.Gatewood, *Page 365 
the plaintiff should "abide by the testimony he has exhibited." To decide otherwise is to repudiate Taliaferro v. Gatewood and to depart from the common law precedure relating to a demurrer to the evidence — a procedure the constitution of West Virginia has continued until it may be changed, not by the judiciary, but by the legislature. See Constitution, Article VIII, sec. 21.
If the joinder in a demurrer to the evidence is to be regarded as purely experimental on the part of the demurree, then fair play demands that the demurrer itself be treated as experimental on the part of the demurrant and that he be permitted to present his evidence whenever the demurrer is overruled. In such event, alas, the common law procedure on a demurrer to the evidence would be no more.