ERNEST TAYLOR, *Admr., etc. v.* MCMILLAN HOSPITAL COMPANY

(No. 8291)

Submitted February 26, 1936. Decided March 10, 1936.

*Lee, Blessing & Steed,* for plaintiff in error.

*J. F. Bouchelle* and *Ben Moore,* for defendant in error.

LITZ, JUDGE:

This is an action for alleged negligent delay by a private hospital in operating on a patient for acute appendicitis.

The decedent, Edana E. Taylor, eleven years of age, who was stricken with acute appendicitis, July 17, 1933, entered the defendant, McMillan Hospital of Charleston, at 11:45 A. M., July 20, 1933, for an appendicular operation. Surgeons representing the hospital operated at eight P. M. of that day, finding a ruptured appendix. The patient died July 24th. The theory of liability asserted against the hospital for the alleged wrongful death of the child is that death resulted from neligent delay in the operation. Without adducing direct proof of the charge, plaintiff attempted to show, by evidence which the trial court excluded, that the hospital, after receiving the child as a patient, refused to operate until the father had arranged to pay the cost of the operation; and that the operation was performed immediately after he advised the hospital by phone from Mason County that the necessary funds had been secured. No evidence was presented by the defendant in explanation of the delay or otherwise. The court sustained a motion by defendant to direct a verdict in its favor and entered judgment accordingly.

It appears in the record by statement of counsel for plaintiff that they declined to offer further evidence because the court rejected the proffered testimony to prove the cause of delay by defendant to operate. Defendant admitted, on trial, that it had accepted the decedent as a patient at 11:45 A. M., July 20, 1933, and that thereafter it owed to her "proper care and skill in the treatment of her condition." In view of this admission, plaintiff could have completed his case by showing (1) that defendant was neglient in delaying the operation; and (2) that the delay was the proximate cause of death.

Should the proffered testimony have been admitted? We think its exclusion as evidence in chief was within the discretion of the trial court. It would have been proper in rebuttal had plaintiff made out a prima facie case, and defendant undertaken to justify the delay in the operation.

As plaintiff failed to tender sufficient evidence to es-

192

tablish a prima facie case, the ruling of the trial court in directing a verdict for the defendant should, under the general rule, be affirmed; but in view of the peculiar circumstances of the trial and in order that justice may be served, we are of opinion to remand the case for further development. "It may be stated as a general rule that when the record is in such a shape that the appellate court cannot in justice determine what final judgment should be rendered, the case will be remanded for such further proceedings as may be necessary in the trial court." 2 R. C. L., p. 284. This course has been followed in exceptional cases even on demurrer to the evidence. *Insurance Co.* v. *Wilson,* 29 W. Va. 528, 2 S. E. 888; *Cook* v. *Lumber Co.,* 74 W. Va. 503, 82 S. E. 327; *Laas* v. *Lubic,* 101 W. Va. 546, 552, 133 S. E. 142; *Campbell* v. *C. & O. Ry. Co.,* 111 W. Va. 358, 163 S. E. 31.

The judgment of the circuit court is, therefore, reversed, the verdict set aside and the case remanded for further proceedings.

*Reversed and remanded.*