BOYD N. ADKINS *v.* WESTERN & SOUTHERN INDEMNITY
COMPANY

(No. 8328)

Submitted May 14, 1936.   Decided June 9, 1936.

*John E. Jenkins,* for plaintiff in error.

*James Damron* and *Jess Hammock,* for defendant in
error.

LITZ, JUDGE:

This is an action upon an automobile liability in-
surance policy.

On September 3, 1933, the defendant, Western &
Southern Indemnity Company, issued an automobile lia-
bility insurance policy, for a term of ten months, to the
Board of Education of Wayne County in consideration
of a premium, later paid by the board, of $1262.35, cov-
ering the operation of school buses in the county.   The
policy, among other protective covenants, provided as
follows: "In consideration of the premium at which this

policy if written, the company further undertakes and agrees to pay, within the limits at which this policy is written, and without regard to liability or non-liability on the part of the named assured, such amounts as the agents, servants and employees of the named assured, or any one or more of them, shall become obligated to pay by reason of liability imposed by law upon such agents, servants and employees, or upon any one or more of them, for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons (except employees of the named assured engaged in the course of their employment) and caused by the operation or use for the named assured of motor vehicles of the named assured designated in this policy by such agents, servants and employees, or by any one or more of them, while acting within the scope of their employment."

On May 24, 1934, one of the buses covered by the policy while being operated by the plaintiff, Boyd N. Adkins, as a servant of the board of education, collided with a bridge, causing injury to Byrd Finley, a public school pupil, who was riding in the bus. Thereafter, Byrd Finley instituted an action by J. Finley, as next friend, against Adkins and the board of education. The action having been dismissed against the board, upon demurrer, judgment in the sum of $800.00 was rendered against Adkins in favor of Byrd Finley. This action was then brought by Adkins to recover from the insurance company the amount of the judgment, costs, interest and a fee of $150.00 to his attorneys for instituting and prosecuting the same. Defendant pleaded the general issue and filed two special pleas, the first, averring that the act of the board of education in obtaining the insurance policy was ultra vires, rendering the policy void; the second, charging that the plaintiff had failed to promptly furnish defendant with a copy of the summons in the original action as required by the policy. Upon the trial of the case, the jury rendered a verdict for the full amount sued for, and judgment was entered accordingly.

Section 13, article 8, chapter 11, Code 1931, prohibits

a board of education to expend any money or to incur any indebtedness which it is not expressly authorized by law to expend or incur, and authorizes the recovery of any money paid in violation thereof. In *Board of Education of Raleigh County* v. *Commercial Casualty Ins. Co.*, 116 W. Va. 503, 182 S. E. 87, a recovery of the premium paid by the board of education for a similar policy was upheld on the ground that the board of education was not, at the time of the expenditure, authorized by law to expend money or incur indebtedness for liability insurance for the operation of school buses. (Such expenditure is now authorized by Chapter 60, Acts 1935). In the event the board of education recovers the premium, which it may do under our ruling in the *Board of Education of Raleigh County* case, there will be a failure of consideration for the promise of indemnity. "The premium is of the very essence of the contract, or, in other words, the premium paid by the assured and the peril assumed by the insurer are two correlatives, inseparable from each other, it being their union which constitutes the essence of the contract. Consequently, payment or agreement to pay a premium by the insured is a condition precedent to, or at least concurrent with, the assuming of any liability by an insurance company." 3 Couch on Insurance, section 581. It would be unjust, however, to permit the defendant to plead failure of consideration as long as it retains the premium.

We are, therefore, of opinion, in accordance with the principle of our holding in *Taylor* v. *McMillan Hospital*, 117 W. Va. 190, 184 S. E. 852, to reverse the judgment, set aside the verdict and remand the case for the purpose of affording defendant the choice of returning the premium to the board of education and setting up the payment as a defense to the action or of suffering another judgment on the present record.

*Reversed and remanded.*