# Richmond

## William C. Gillespie, Jr., Et Al. v. Elmer Somers, Trustee, Etc.

February 24, 1941.

Record No. 2304.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*Godfrey Child* and *B. Drummond Ayres,* for the appellants.

*H. Ames Drummond,* for the appellee.

GREGORY, J., delivered the opinion of the court.

Irving H. Matthews, the owner of a tract of land in Accomack, conveyed it in 1919 to Elmer Somers, trustee, to secure the payment of $7,500. This obligation was evidenced by a bond, and $1,500 was paid thereon. Later the bond was assigned to William C. Gillespie, Sr. In 1920 Matthews conveyed the same tract to Elmer Somers, trustee, to secure the payment of a bond of $2,000. Later this bond was assigned to Elmer Somers and by him assigned to his mother. She died and Elmer Somers qualified as her administrator. The $2,000 bond is now an asset of her estate.

In 1939, William C. Gillespie, Sr., the owner of the $6,000 bond, died, and his son, William C. Gillespie, Jr., qualified as his administrator. In 1932, Mr. Matthews, the maker of the bonds, died.

This controversy arises by reason of a remittance of $1,000 made on October 13, 1930, by Elmer Somers to G. Walter Mapp, attorney for Mr. Gillespie. The administrator of Mr. Gillespie contends that the $1,000 was a payment to be applied as a credit on the $6,000 bond, thereby reducing it to $5,000, while Mr. Somers, administrator, contends that at the time the $1,000 was turned over to Mr. Mapp it was expressly agreed that it would be considered a purchase of a one-sixth interest in the bond.

The facts are confused and many incidental transactions and numerous letters are brought in.

In 1930, the dwelling on the farm and the furniture therein were destroyed by fire. The dwelling was in-

sured for $3,000 and the furniture for $1,000. The insurance was payable to ''Elmer W. Somers, Trustee, for W. C. Gillespie,'' and a check for $4,000 was sent to Mr. Somers by the insurance company.

Mr. Somers testified that he was authorized by Mr. Gillespie to expend the $3,000 in restoring the dwelling, which was done. He also testified that he used the $1,000 he received for the destruction of the furniture in purchasing new furniture, which he delivered to Mr. Matthews in order that Mr. Matthews might live on the farm and continue his farming operations.

It is denied by plaintiffs-in-error that Mr. Gillespie ever agreed to this disposition of the insurance money. It is insisted that he demanded $1,000 from Mr. Somers and agreed to the expenditure of the balance in restoring the dwelling and furniture only on condition that the $1,000 be paid him in cash as a credit upon the bond. Upon Somers' avowal that the restoration had used up the entire proceeds from the insurance policy, Mr. Gillespie declared that he had agreed to no such disposition of the funds, and instituted suit through his attorney, Mr. Mapp, to recover the $3,000 insurance money upon the dwelling, and to effect the removal of Mr. Somers as trustee because of the alleged misappropriation of the funds.

This case was never pursued to a conclusion, and is still upon the docket. The reason for the suspension, according to the testimony of G. Walter Mapp in the present case, was an agreement on Somers' part that he would pay Gillespie $1,000 at once on Matthews' behalf, plus the costs of the suit, and would shortly arrange for the payment of the bond in full. The letter in which the check of Mr. Somers for $1,000 was enclosed is as follows:

"October 13, 1930.

"G. Walter Mapp, Esq.,.
Accomac, Va.

"*In re*: William C. Gillespie *v.* Irving H.
Matthews—Deed of Trust.

"Dear Mr. Mapp:

"As per agreement, I herewith enclose check for
$1,000.00, to be credited on the above described deed of
trust. Please let me have a receipt showing same paid
by me. I will ask that you do not have the note credited
with this payment, as I will probably have the note as-
signed to me as soon as the full amount due thereon is
paid.

"Very sincerely yours,"

Mr. Mapp replied as follows:

"October 13, 1930.

"Mr. Elmer W. Somers,
Accomac, Virginia.

"*IN RE* William C. Gillespie *v.* Irving H.
Matthews, et als Deed of Trust

"My dear Elmer:

"This will acknowledge receipt of yours of October
13, 1930, inclosing your check on People's Bank of
Bloxom, Incorporated, $1,000.00, to be credited on the
bond of Irving H. Matthews and wife due William C.
Gillespie.

"As requested by you the bond will not actually be
credited with this payment until you further advise."

In 1937, Mr. Somers, as trustee, sold the tract of land
and it was purchased by Mr. Gillespie, Sr., for $4,050,
but Mr. Somers declined to give Mr. Gillespie a deed

conveying it to him because he claimed that he (Somers) had purchased a $1,000 interest in the $6,000 bond and as such purchaser he was entitled to a one-sixth interest in the net proceeds of the sale, and that his one-sixth interest along with the bond for $2,000 secured by the second trust had been assigned to his mother. Upon her death, he became her administrator.

Upon the refusal of Mr. Gillespie to pay to Mr. Somers, trustee, the one-sixth interest in the net proceeds of the sale, he instituted suit against Mr. Gillespie to require him to make said payment.

The court heard the evidence *ore tenus* and decided that the $1,000 paid by Mr. Somers to Mr. Mapp, attorney for Mr. Gillespie, was a purchase of a one-sixth interest in the $6,000 bond and that Mr. Gillespie should pay the one-sixth interest in the net proceeds of sale to Mr. Somers, trustee. A decree was entered effectuating the decision of the court and its correctness is now before us for review.

The question we are to determine is purely one of fact. Was the $1,000 paid by Somers intended as a payment on the bond or was it a purchase of a one-sixth interest therein?

Mr. Gillespie having died, it is conceded that Code, §6209, applies and that the testimony of Mr. Somers to the effect that he purchased a one-sixth interest in the bond must be corroborated before any decree can be validly rendered thereon against the administrator of Mr. Gillespie.

If there is any corroboration of the testimony of Mr. Somers it must be found in the correspondence or in the conduct of the parties in relation to the control of the farm from the date of Mr. Matthews' death in 1932 until Mr. Gillespie's death in 1939.

The two letters quoted in full above clearly show that the $1,000 was intended as a payment on the bond. In the letter from Mr. Somers to Mr. Mapp, in which the check was transmitted, Mr. Somers wrote, "I * * * en-

close check for $1,000.00 to be credited on the above described deed of trust." The deed of trust described in the letter was the one which secured the $6,000 bond. Mr. Somers also wrote in the same letter, "I will ask that you do not have the note credited with this payment as I will probably have the note assigned to me as soon as the full amount due thereon is paid."

Mr. Mapp upon receipt of the check wrote that he had received the check "to be credited on the bond of Irving Matthews." He wrote further, "As requested by you the bond will not actually be credited with the payment until you further advise."

These letters do not tend to show that Mr. Gillespie agreed to sell Mr. Somers a one-sixth interest in the $6,000 bond. They do not corroborate the testimony of Mrs. Somers in that respect. The statements in the letters rather corroborate the testimony of Mr. Mapp wherein he said that the $1,000 was received as a payment on the bond and not for a sale of an interest therein.

We have examined with care all of the other letters that passed between the parties. They fail to corroborate Mr. Somers' testimony.

It is argued that inasmuch as Mr. Gillespie did not object to the renting of the farm by Mr. Somers, and inasmuch as one of the tenants stated that Mr. Gillespie had said that he and Mr. Somers owned the farm together and that Mr. Somers "had charge of renting it," this corroborated the testimony of Mr. Somers wherein he stated that he had bought a one-sixth interest in the bond.

At the time the farm was rented the equity of redemption was in the heirs of Mr. Matthews. This was prior to the foreclosure of the deed of trust and it is not shown in whom was the right to rent the farm at that particular time. However, at the time Mr. Gillespie held a first deed of trust on the property and Mr. Somers held a

second trust.  They were both interested as creditors and naturally interested in renting the farm.

 Our conclusion is that there was no corroboration of the testimony of Mr. Somers in which he said he purchased an interest in the bond, and therefore under the provisions of Code, §6209, no judgment or money decree could be founded thereon against the estate of Mr. Gillespie.

 In reaching this conclusion we are not unmindful of the rule that when a judgment or decree has been rendered in a case heard *ore tenus* it is entitled to peculiar weight.  However, a judgment that is plainly wrong or without evidence to support it should not be allowed to stand.  (Code, §6363.)

*Reversed.*