SOUTH SIDE LUMBER COMPANY, *a corporation*

*v*

STONE CONSTRUCTION COMPANY, *a corporation, et al.*

(No. 12577)

Submitted January 31, 1967. Decided February 21, 1967

*Baker & Armistead, Charles S. Armistead,* for appellant.

*S. J. Angotti, Mike Magro, Jr.,* for appellees.

HAYMOND, JUDGE:

This is a civil action instituted July 2, 1965, in the Circuit Court of Monongalia County, in which South Side Lumber Company, a corporation, which claims a mechanic's lien upon the real estate of two of the defendants, is plaintiff, and Stone Construction Company, a corporation, general contractor, and Donald Stephen Lawrence and Rose Ellen Lawrence, owners of the real estate involved, Robert L. Shuman, Trustee for First Federal Savings and Loan Association of Greene County, Waynesburg, Pennsylvania, a corporation and a deed of trust creditor, Duntile Company, a corporation, Bauer Wholesale Lumber and Supply Company, a corporation, David Hilling, Eldon Nicholson and Frances Nicholson, holders of mechanic's liens, are defendants. The case was tried as to the plaintiff and the defendants Donald Stephen Lawrence and Rose Ellen Lawrence, owners of the real estate involved, on

September 9, 1965, by the circuit court in lieu of a jury, and on December 13, 1965, the court entered judgment in favor of those defendants. By its final order entered February 3, 1966, the circuit court overruled the motion of the plaintiff, previously made and filed, to set aside the findings of facts and conclusions of law and the judgment rendered December 13, 1965, and to grant the plaintiff a new trial. From that order this Court granted this appeal upon the application of the plaintiff.

On this appeal the plaintiff assigns as error the action of the trial court in overruling the motion of the plaintiff for a new trial and seeks reversal of the findings of facts and of the judgment rendered December 13, 1965 in favor of the defendants Donald Stephen Lawrence and Rose Ellen Lawrence.

The case was heard by the court in lieu of a jury on September 9, 1965, upon the complaint and its exhibits, consisting of invoices directed to Ronald Stone, doing business as Stone Construction Company, for various materials furnished for the "Lawrence Job", in which complaint the plaintiff, as a subcontractor, claimed a mechanic's lien against the real estate of the defendants Donald Stephen Lawrence and Rose Ellen Lawrence, in the principal sum of $2,429.22; upon the separate answers of the defendants Donald Stephen Lawrence and Rose Ellen Lawrence, Robert L. Shuman, Trustee, and First Federal Savings and Loan Association of Greene County, Waynesburg, Pennsylvania; and upon the testimony of Gilbert R. Weaver, President of the plaintiff and the testimony of the defendant Donald Stephen Lawrence.

On December 13, 1965, by order of that date, a copy of the building contract between Donald Stephen Lawrence and Rose Ellen Lawrence and Ronald Stone, doing business as Stone Construction Company, dated October 23, 1964, and a copy of the building contract between Donald Stephen Lawrence and Rose Ellen Lawrence and Stone Construction Company, Inc., dated

November 2, 1964, and copies of seventeen invoices of South Side Lumber Company, dated December 24, 1964, directed to Ronald Stone, doing business as Stone Construction Company, and to Stone Construction Company, respectively, for various materials, and four delivery receipts, and a statement of the findings of facts requested by the plaintiff, were filed in the case. On the same date the court adopted as its own the statement of facts and conclusions of law prepared by the attorneys for the defendants Donald Stephen Lawrence and Rose Ellen Lawrence and rendered judgment in favor of those defendants and awarded costs against the plaintiff.

The plaintiff complains of the action of the court in rejecting the statement of the findings of facts prepared by its attorney, in failing to comply with the provision of Rule 52(a) of the West Virginia Rules of Civil Procedure that ''In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment'', and in adopting the findings of facts prepared by the attorneys for the defendants Donald Stephen Lawrence and Rose Ellen Lawrence.

Though the court did not itself find the facts specially as provided by the foregoing rule, its action in adopting the findings of facts prepared by counsel for the defendants operated to make such findings the formal findings of the court. Though it appears that the foregoing requirement of Rule 52(a), which is identical with that provided by Rule 52(a) of the Federal Rules of Civil Procedure, was not strictly complied with by the court its action in adopting as its own the findings of facts prepared by the attorneys for the defendants Donald Stephen Lawrence and Rose Ellen Lawrence did not constitute error and such findings of facts, as so found by the court, should not be rejected, vacated or disturbed for that reason. *United States v. El Paso Natural Gas Company*, 376

U. S. 651, 84 S. Ct. 1044, 12 L. Ed. 2d 12; *United States v. Crescent Amusement Company,* 323 U. S. 173, 65 S. Ct. 254, 89 L. Ed. 160; *Edward Valves, Inc. v. Cameron Iron Works, Inc.,* 5th cir., 289 F. 2d 355; *Miller v. Tilley,* 8th cir., 178 F. 2d 526. The findings of fact, however, should represent the judge's own determination and not the long, often agrumentative statements of successful counsel. *United States v. Crescent Amusement Company,* 323 U.S. 173, 65 S. Ct. 254, 89 L. Ed. 160; *United States v. Forness,* 2d cir., 125 F. 2d 928, certiorari denied, 316 U. S. 694, 62 S. Ct. 1293, 86 L. Ed. 1764.

Though the practice of requesting the prevailing party to submit proper findings with an opportunity to the adverse party to submit counter findings is usual in many federal districts, *Kinnear-Weed Corporation v. Humble Oil and Refining Company,* 5th cir., 259 F. 2d 398, rehearing denied, 266 F. 2d 352, certiorari denied, 361 U. S. 903, 80 S. Ct. 210, 4 L. Ed. 2d 158; 2B Barron and Holtzoff, Federal Practice and Procedure, Section 1124, at least one Federal Circuit Court of Appeals has said that the practice is not to be commended, *Lorenz v. General Steel Products Company,* 5th cir., 337 F. 2d 726; and in *Kinnear-Weed Corporation v. Humble Oil and Refining Company,* 259 F. 2d 398, rehearing denied, 266 F. 2d 352, certiorari denied, 361 U. S. 903, 80 S. Ct. 210, 4 L. Ed. 2d 158, the court said that findings which represent the independent judicial labors and study of the district judge are more helpful to an appellate court. The foregoing provision of the rule was intended to require the trial judge to make his findings of facts prior to or at the time judgment is entered in the case. The reason for such requirement is that findings of facts are helpful in the decision of a case, are important factors in the proper application of the doctrines of res judicata and estoppel by judgment, and are also an aid to an appellate court in considering the case on review. See Lugar and Silverstein, West Virginia Rules, pages 386 to 389. In *United States v. El Paso Natural Gas*

*Company,* 376 U. S. 651, 84 S. Ct. 1044, 12 L. Ed. 2d 12, the court said that findings ''drawn with the insight of a disinterested mind are, however, more helpful to the appellate court.'' Under the rule it is the duty of the trial court to make its findings of facts and it should not surrender or delegate this important function by any mechanical adoption of findings proposed by counsel; but the trial court, to accomplish the results intended by the rule, should at or prior to the entry of judgment carefully prepare its own findings of facts and that procedure should be adhered to by the trial courts of this State.

As the testimony of the witnesses at the hearing of the case on September 9, 1965, was not reported or incorporated in any transcript of testimony, the only facts shown by the record, other than the two building contracts and the numerous invoices for materials filed as exhibits in the case, which may be considered on this appeal, are the facts which appear from the findings of facts set forth in the order entered by the court on December 13, 1965. That order states: ''At a hearing held on September 9, 1965, on the above stated matters, the plaintiff offered the following evidence: Only one witness appeared for the plaintiff, that witness being Gilbert R. Weaver, President of the South Side Lumber Company, a corporation. His evidence was to the effect that certain materials and supplies were purchased by Ronald Stone, doing business as Stone Construction Company for a project known as 'The Lawrence Job.' His testimony did not extend to the fact that said materials were definitely incorporated in said building, and further that because the materials were ordered, that he further assumed that they were delivered to said project and incorporated in same. The testimony did not go into detail as to the various items of materials and supplies as described in the Notice of Mechanic's Lien and said Complaint, he merely introduced certain invoices, none of which were explained in detail. On cross-examination, Mr. Weaver unequivocally admitted that all sup-

plies purchased for the 'Lawrence Job' were purchased by Ronald Stone, and same were billed by statements to Ronald Stone, doing business as Stone Construction Company, and that no corporation was involved in said transaction. That was the extent of the plaintiff's testimony. The defendant, Donald S. Lawrence, testified that he paid the sum of Nine Thousand Nine Hundred Dollars ($9,900.00) as per the provisions of his contract, and that he was not aware, as of the time that he paid said sum, that there were any unpaid bills due any person or persons. He further testified on cross-examination that certain materials contained in said invoices were definitely not in his building. For example, the two doors that Mr. Armistead, counsel for South Side Lumber Company, a corporation, asked him about are definitely not on the premises, and to Mr. Lawrence's knowledge were never delivered to him on the premises. He further testified that he was not in a position to know whether or not the materials and supplies described in the Notice of Mechanic's Lien and Complaint were definitely incorporated in said residence.''

From the above mentioned contracts and invoices and the facts found by the court as set forth in the foregoing order, it appears that the plaintiff sold and furnished to Ronald Stone, the building contractor, who, whether acting individually or as a corporation, constructed the building owned by Donald Stephen Lawrence and Rose Ellen Lawrence, designated as ''The Lawrence Job'', quantities of materials and supplies for use in that project, and that though the defendant Donald Stephen Lawrence testified that two doors were not furnished or incorporated in the building, he testified that he did not know whether the materials and supplies described in the Notice of Mechanic's Lien and the Complaint were used in the construction of his residence. These recited facts show clearly that the plaintiff did sell and deliver to the contractor a substantial amount of materials and supplies for use in the construction of the building and

that, under the mechanic's lien statute, the plaintiff is entitled to a lien with respect to such materials and supplies, in the absence of proof by the defendants Donald Stephen Lawrence and Rose Ellen Lawrence that such materials and supplies were not used in their building. The statement of facts shows that there was no such proof.

Under Section 28, Article 2, Chapter 38, Code, 1931, proof of the sale and delivery of materials to a building contractor is prima facie proof of the use of such materials in the construction of the building which the contractor constructs for the owner. That section of the statute provides that "Proof of the sale to any owner, contractor or subcontractor of any materials, machinery or other equipment for use in the performance of any contract mentioned in this article, and of the delivery of such materials, machinery or other equipment to such contractor or subcontractor, shall be prima facie proof of the use of such materials, machinery or equipment in the erection and construction of such building or other structure and of the improvements appurtenant thereto, and upon the proving of such facts, the burden of showing that such materials, machinery and equipment were not used in such building or other structure or improvement appurtenant thereto shall be upon the owner or other person disputing such use thereof." In short, the statements of facts, in the absence of proof by the defendants Donald Stephen Lawrence and Rose Ellen Lawrence that the materials and supplies sold and delivered by the plaintiff to the contractor for use in their building were not used in such building, show that the plaintiff was entitled to a lien for such materials and supplies and render the judgment in favor of the defendants Donald Stephen Lawrence and Rose Ellen Lawrence erroneous and inconsistent with the facts found by the court. Otherwise stated the judgment in favor of the defendants is not supported by and is contrary to the findings of facts adopted by the court and is plainly

wrong. For this reason the judgment of the circuit court must be reversed.

A judgment or decree which is plainly wrong or is without evidence to support it will be reversed and set aside on appeal. *Holloway v. Smith,* 197 Va. 334, 88 S. E. 2d 909; *Malbon v. Davis,* 185 Va. 748, 40 S. E. 2d 183; *Douglas v. United Company,* 183 Va. 263, 31 S. E. 2d 889; *Ramey v. Ramey,* 181 Va. 377, 25 S. E. 2d 264; *Gillespie v. Somers,* 177 Va. 231, 13 S. E. 2d 330; *Boswell v. Lipscomb,* 172 Va. 33, 200 S. E. 756; 1 M. J., Appeal and Error, Sections 268 and 284. This Court has said in many cases that a decree based on conflicting evidence will be reversed when it appears that it is contrary to the preponderance of the evidence or is clearly wrong. *Sturm v. The City of Saint Albans,* 138 W. Va. 911, 78 S. E. 2d 462, and the numerous cases cited in the opinion in that case. This principle is applicable to the judgment here under consideration.

The general rule is that when on the trial of an action the evidence decidedly preponderates against the verdict of the jury or the finding of the trial court thereon, this Court will reverse the judgment, and if the case was tried by the court in lieu of a jury, will make such finding and enter such judgment on the evidence as the lower court should have entered. *Bluefield Supply Company v. Frankel's Appliances, Inc.,* 149 W. Va. 622, 142 S. E. 2d 898; *Huntington Development and Gas Company v. Topping,* 115 W. Va. 364, 176 S. E. 424; *McKown v. Citizens State Bank of Ripley,* 91 W. Va. 716, 144 S. E. 271. When, however, in a case submitted to the court on a demurrer to plaintiff's evidence, it appears that there has been an omission to adduce all evidence on the issue upon which the right of recovery depends, and, if the interests of justice will thereby be subserved, this Court will afford an opportunity to a proper development of the merits of the case by reversing the judgment below and awarding a new trial. *Campbell v. The Chesapeake and Ohio Railway Company,* 111 W. Va. 358, 163 S. E. 31; *Laas v. Lubic,* 101

W. Va. 546, 133 S. E. 142. Though it appears in the case at bar that the plaintiff possesses sufficient evidence to establish its lien in whole or in part, the failure of the record to disclose the evidence available to the plaintiff or the evidence submitted by it upon the trial, renders it impossible for this Court on this appeal to determine what judgment should be finally rendered; and when the record in an action or suit, as here, is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development. *Adkins v. Western and Southern Indemnity Company,* 117 W. Va. 541, 186 S. E. 302; *Taylor v. McMillan Hospital Company,* 117 W. Va. 190, 184 S. E. 852. In *Cunningham v. Donelson,* 105 W. Va. 536, 143 S. E. 345, an action in assumpsit in which a jury trial was waived and the case was submitted to the court on the law and the facts, the opinion contains these statements: "In such case it is the general rule of this court to treat the case as upon demurrer to the evidence and upon reversal of the judgment to enter judgment here; but we think this is a case for the application of the rule, heretofore affirmed in both law and equity cases, that where the record disclosed that there is a strong probability of the existence of evidence decisive of the issues involved, which has been omitted under misapprehension of law, we will reverse the judgment or decree and remand the case for further proceedings. *Cook v. Raleigh Lumber Company,* 74 W. Va. 503; *La Belle Iron Works v. Quarter Savings Bank,* Id. 569; *Bankers Pocahontas Coal Company v. Flanagan Coal Company,* 100 W. Va. 707, and cases cited."

As the judgment of the circuit court in favor of the defendants Donald Stephen Lawrence and Rose Ellen Lawrence is not supported by the evidence as disclosed by the findings of facts adopted by the court and is plainly wrong, the judgment rendered December 13, 1965 and the findings of facts incorporated in such judgment are reversed and set aside and inasmuch as

this case was not fully or sufficiently developed upon its merits, it is remanded to that court for a new trial which is hereby awarded the plaintiff upon all the issues involved to enable the circuit court to arrive at a just decision.

*Reversed and remanded with directions.*