No. 19-1078 – *State of West Virginia ex rel. S.W., N.W.,*
*& M.W. v. The Honorable Patrick N. Wilson,*
*Judge of the Circuit Court of Marion County,*
*West Virginia, and S.K.*

**FILED**
**June 12, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Jenkins, Justice, concurring in part and dissenting in part, joined by Chief Justice Armstead:

I concur that the Circuit Court of Marion County committed clear legal error in granting an improvement period to S.K. that exceeded the time limitation imposed by West Virginia Code § 49-4-610(9). This statutory provision includes clear language that no combination of improvement periods can cause a child to be in foster care for more than fifteen months of the most recent twenty-two months unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limit. Here, it cannot be disputed that the children spent more than fifteen of the most recent twenty-two months in foster care, and the circuit court failed to make appropriate findings that the improvement period was in the children's best interest. However, while I concur with the majority opinion as to the holding set forth above, I fervidly disagree with the majority's ultimate decision to remand this case with instructions to terminate S.K.'s parental rights.

The majority opinion finds that the circuit court failed to make appropriate findings that the grant of an improvement period was in the children's best interest—and I agree. However, the majority then goes on to conclude that the case should be remanded

1

with instructions "that the circuit court *must* terminate S.K.'s parental rights." (Emphasis added). Essentially, the majority inserts itself as the fact finder and pre-judges that the improvement period is *not* in the best interests of the children. Nevertheless, the majority opinion makes this determination *after* clearly stating that

> the circuit court's order includes no findings, let alone detailed findings, that granting S.K.'s motion for an improvement period in violation of the time limit imposed by § 49-4-610(9) was in the best interest of these children. We also do not find anything in the record to suggest as much.

Without evidence from the record, or detailed findings from the circuit court—either supporting an improvement period or not—I do not think that it is this Court's place to make a conclusion regarding the termination of S.K.'s parental rights.

This Court has held that "[w]hen the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development." Syl. pt. 2 of *South Side Lumber Co. v. Stone Constr. Co.,* 151 W.Va. 439, 152 S.E.2d 721 (1967). Having determined that the circuit court erred in failing to make appropriate, detailed findings, I proffer that this case should be remanded so that the circuit court can re-examine the evidence and make appropriate findings under the legal standard set forth in West Virginia Code § 49-4-610(9).

For these reasons, I respectfully concur in part and dissent in part. I am authorized to state that Chief Justice Armstead joins in this separate opinion.

2