**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Zachary Knotts,**
**Plaintiff Below, Petitioner**

**vs)   No. 20-0079** (Pleasants County 19-C-15)

**Keith White, and John Doe,**
**Defendants Below, Respondents**


# MEMORANDUM DECISION


Self-represented petitioner Zachary Knotts appeals two orders of the Circuit Court of Pleasants County. In an order entered on September 30, 2019, the circuit court granted Respondent Keith White's motion to dismiss petitioner's civil action alleging legal malpractice. In an order entered on December 13, 2019, the circuit court denied petitioner's motion to alter or amend the September 30, 2019, order. Respondent, by counsel D.C. Offut Jr. and Mark R. Simonton, filed a summary response in support of the circuit court's order. Petitioner filed an amended reply.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From March 23, 2011, to February 11, 2014, petitioner was confined to a mental health facility due to his mental incompetency to stand trial in a criminal case. In *State v. Knotts*, 233 W. Va. 665, 760 S.E.2d 479 (2014), this Court affirmed the determination that there was sufficient evidence to sustain a conviction of making a terrorist threat, pursuant to West Virginia Code § 61-6-24(b), had petitioner been competent to stand trial. *Id.* at 671-72, 760 S.E.2d at 485-86.

---

[1]By amended scheduling order entered on October 14, 2020, this Court granted petitioner's motion to file an amended reply.

During the pendency of *Knotts*, petitioner alleges that he was physically assaulted by a correctional officer named Carder while incarcerated at the North Central Regional Jail ("NCRJ") in September of 2010. Due to petitioner's mental incompetency, the two-year statute of limitations on this claim did not begin to run until petitioner was released from the mental health facility in February of 2014.[2]

On November 2, 2014, the parties entered into an agreement by which respondent, an attorney, would provide legal services to petitioner in exchange for a $7,500 retainer fee.[3] Relevant here, the agreement provided that respondent would file a civil action on petitioner's behalf "against the West Virginia Regional Jail and Correctional Facility [Authority ("WVRJCFA")] due to injuries suffered during [petitioner's] incarceration." Prior to April of 2015, petitioner met with the private investigator respondent hired to investigate petitioner's claim. In August of 2015, respondent requested that petitioner undergo a mental competency evaluation and advised petitioner that his bizarre behavior could damage his case.

Despite the ongoing nature of the investigation into petitioner's claim, respondent filed the civil action on February 4, 2016, before the statute of limitations expired. Ultimately, respondent determined that a correctional officer named Carder could not be located and that there were no credible witnesses to the alleged physical assault. Accordingly, petitioner's civil action against the WVRJCFA and "Correctional Officer Carder" was dismissed with prejudice by an agreed order entered on June 12, 2017.

On June 11, 2019, as a self-represented litigant, petitioner filed the instant civil action in the Circuit Court of Pleasants County alleging that respondent committed legal malpractice in his representation of petitioner with regard to the action against the WVRJCFA.[4] Petitioner sought

---

[2]West Virginia Code § 55-2-12(b) provides a two-year statute of limitations for personal injury claims.

[3]According to respondent, he has attempted to refund the $7,500 retainer fee to petitioner on several occasions. However, petitioner has refused to accept the refund.

[4]Petitioner named "John Doe" as a second defendant, asserting that "discovery may show that there are additional defendants[.]" In addition to alleging legal malpractice, petitioner asserted several other claims that were in some way based on respondent's representation of him. On appeal, petitioner's arguments are often rambling and nonsensical. Accordingly, respondent argues that petitioner fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) provides, in pertinent part, that a petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 (continued . . .)

compensatory and punitive damages and attached exhibits to the complaint in support of his allegations. On July 17, 2019, respondent filed a motion to dismiss the instant action, also with supporting exhibits attached. Thereafter, petitioner sent an amended complaint to respondent, but failed to file a motion for leave to amend his complaint.

On September 12, 2019, the circuit court held a hearing on respondent's motion.[5] The circuit court considered not only the allegations set forth in petitioner's original complaint, but also the allegations set forth in the amended complaint. By order entered on September 30, 2019, the circuit court granted the motion to dismiss, finding that respondent "acted reasonably at all times and . . . acted with the knowledge, skill[,] and ability of an ordinary attorney." The circuit court further found that, while petitioner alleged that respondent acted negligently in agreeing to the dismissal of the prior action, there were not "any credible witnesses" to the alleged assault of petitioner by a correctional officer named Carder. Thereafter, by order entered on December 13, 2019, the circuit court denied the motion filed by petitioner to alter or amend the September 23, 2019, order.[6]

Petitioner now appeals the circuit court's September 30, 2019, and December 13, 2019, orders. We have held that the standard of review for a motion to alter or amend judgment under Rule 59(e) of the West Virginia Rules of Civil Procedure "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998).

The parties treat this appeal as one arising from a dismissal pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. We disagree as the circuit court considered exhibits attached to respondent's motion to dismiss. Therefore, we employ the standard for reviewing an order awarding summary judgment pursuant to Syllabus Point 4 of *United States Fidelity & Guaranty Company v. Eades*, 150 W. Va. 238, 144 S.E.2d 703 (1965), in which we held, in pertinent part, that "[o]nly matters contained in the pleading can be considered on a motion to dismiss under Rule 12(b) . . . *and if matters outside the pleading are presented to the court and are not excluded by it*, the motion should be treated as one for summary judgment and disposed of under Rule 56[.]"

---

S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Here, petitioner only clearly refers to the legal malpractice claim. Therefore, pursuant to Rule 10(c)(7), we address only the legal malpractice claim.

[5]Petitioner appeared at the September 12, 2019, hearing via video conference, as he was then incarcerated at the NCRJ for reasons unrelated to the instant case.

[6]Petitioner filed his motion to alter or amend judgment on September 23, 2019, before the entry of the circuit court's September 30, 2019, order.

(Emphasis added.)[7] Rule 56(c) of the Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."

On appeal, petitioner raises three procedural issues. First, petitioner argues that the circuit court erred in denying his request to continue the September 12, 2019, hearing because he was forced to appear via video conference from the NCRJ. "The granting of a continuance is a matter within the sound discretion of the trial court[.]" Syl. Pt. 1, in part, *State v. Dunn*, 237 W. Va. 155, 786 S.E.2d 174 (2016) (Internal quotations and citations omitted.); Syl. Pt. 1, in part, *Levy v. Scottish Union & National Ins. Co.*, 58 W. Va. 546, 52 S.E. 449 (1905) (holding that "the question of continuance is in the sound discretion of the trial court[.]"). Here, the circuit court found that, while petitioner attended the hearing remotely, he meaningfully participated and had "as much time as needed" to argue that respondent's motion should be denied. Furthermore, by scheduling order entered on February 5, 2020, we found that "petitioner has indicated that transcripts are not necessary for this Court to consider the assignments of error." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that this Court must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim." Based upon our review of the appellate record, we find no cause to conclude that the circuit court abused its discretion in denying petitioner's request for a continuance.

Petitioner further argues that the circuit court erred in directing respondent's counsel to prepare the September 30, 2019, order awarding summary judgment to respondent. "As an appellate court, we concern ourselves not with who prepared the findings for the circuit court, but with whether the findings adopted by the circuit court accurately reflect the existing law and the trial record." *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 214, 470 S.E.2d 162, 168 (1996); *see South Side Lumber Co. v. Stone Const. Co.*, 151 W. Va. 439, 442, 152 S.E.2d 721, 723 (1967) (finding that the adoption of proposed findings of fact "operated to make such findings the formal findings of the court"). Therefore, we reject this argument as without merit.

Petitioner further argues that his motion to alter or amend judgment included a request for leave to file the amended complaint pursuant to Rule 15 of the Rules of Civil Procedure.[8] "A trial

---

[7]In Syllabus Point 1 of *Forshey v. Jackson*, 222 W. Va. 743, 671 S.E.2d 748 (2008), we held that "[a] circuit court ruling on a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure may properly consider exhibits attached to the complaint without converting the motion to a Rule 56 motion for summary judgment." The instant case is distinguishable from *Forshey* because, based on our review of the record, we find that the circuit court not only considered exhibits attached to the complaint, but also considered exhibits attached to the motion to dismiss.

[8]Rule 15(a) of the Rules of Civil Procedure provides, in pertinent part, that:

[a] party may amend the party's pleading once as a matter of course at any time
(continued . . .)

court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions." Syl. Pt. 4, in part, *Bowyer v. Wyckoff*, 238 W. Va. 446, 796 S.E.2d 233 (2017) (quoting Syl. Pt. 6, in part, *Perdue v. S.J. Groves & Sons Co.*, 152 W. Va. 222, 161 S.E.2d 250 (1968)). In denying the motion to alter or amend judgment, the circuit court found that petitioner failed to request leave to file the amended complaint prior to its awarding of summary judgment to respondent. Nevertheless, upon review of the September 20, 2019, order awarding summary judgment, we find that the circuit court considered the allegations set forth in the amended complaint. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's request for leave to file the amended complaint.

With regard to petitioner's substantive argument that the circuit court erred in awarding summary judgment to respondent on petitioner's legal malpractice claim, as noted above, Rule 56(c) provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

In Syllabus Point 4 of *Painter*, we held that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." 192 W. Va. at 190, 451 S.E.2d at 756. In Syllabus Point 1 of *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005), we further held that "in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff."

Neither party disputes that petitioner retained respondent to represent him in an action based on the alleged assault against petitioner by a correctional officer named Carder. Rather, petitioner argues that the circuit court erred in finding that respondent represented petitioner in a reasonable manner. Respondent courters that the circuit court properly found that he was not negligent in his representation of petitioner. We find that the parties' dispute is not material because, even if respondent breached a duty of care he owed to petitioner, "[d]amages arising from the negligence of an attorney are not presumed, and a plaintiff in a malpractice action has the burden of proving both his loss and its causal connection to the attorney's negligence." Syl. Pt. 4, *id.* at 685, 619 S.E.2d at 198 (quoting Syl. Pt. 3, *Keister v. Talbott*, 182 W.Va. 745, 391 S.E.2d 895 (1990)).

---

before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Petitioner argues that respondent's private investigator located two individuals who told the investigator that they each remember an incident between petitioner and an unidentified correctional officer involving a pillow. However, one of those individuals was incarcerated for first-degree murder and attempted murder, and the other individual was incarcerated for an unspecified federal conviction. Therefore, under the facts and circumstances of this case—where respondent had to advise petitioner that his own bizarre behavior could damage his case—we concur with the circuit court's finding that there were not "*any* credible witnesses" to the alleged assault of petitioner by a correctional officer named Carder. (Emphasis added.) We find that petitioner's prior action would not have resulted in a judgment in petitioner's favor even if respondent had not agreed to that action's dismissal. Accordingly, in the instant action, we find that no rational trier of fact could find any alleged negligent representation by respondent to be the proximate cause of petitioner's failure to obtain a favorable judgment in the prior action. Therefore, we find that the circuit court did not err in awarding respondent summary judgment.

For the foregoing reasons, we affirm the circuit court's September 30, 2019, order awarding summary judgment to respondent and its December 13, 2019, order denying petitioner's motion to alter or amend the September 30, 2019, order.

Affirmed.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton